## Case No. 6,729.

### In re HOUGHTON.

[2 Lowell, 243; 7 Am. Law Rev. 754.] [1]

District Court, D. Massachusetts. April, 1873.

BANKRUPTCY—SELECTING ASSIGNEE—COSTS.

1. The practice of procuring creditors of a bankrupt, who have small privileged debts for wages, to prove their debts at the first meeting, and vote for assignee, is disapproved.

2. The fee of the register, for taking and certifying a deposition in proof of debt, is one dollar.

3. If rule 30 of the general orders be construed to give more than one dollar for such deposition, it is ultra vires; because the bankrupt act of 1867, § 47 [14 Stat. 540], fixes the amount by reference to the fee-bill of 1853 [10 Stat. 167], and the supreme court have power to diminish any fees fixed by the statute, but not to increase them.

4. The fee of one dollar is a charge on the fund.

5. A fee for a letter or power of attorney by a creditor is not a charge on the fund.

[In the matter of S. S. Houghton, a bankrupt.]

The case is now heard on the questions submitted.

The bankrupt carried on a very large retail business in three shops in Boston, and hired many girls to wait on his customers. When he failed, he owed them various sums, from less than a dollar to ten dollars. Before the first meeting of creditors was held, certain persons, who wished to use the votes of the girls, procured their debts to be proved in due form before a register. Upon each proof was a certificate by that officer that the fees paid by the creditor amounted to one dollar and twenty-five cents, for which there was a priority of payment, under section 28 of the bankrupt act. The several creditors had not in fact paid the fees; but they gave orders to the register to receive them from the assignees, who submitted the question, with a written explanation by the register, to the decision of the judge.

LOWELL, District Judge. After the first meeting, a motion was made to reject these proofs, on the ground that they were procured for the purpose of influencing the proceedings in the choice of the assignee. As the evidence was that the debts were just and valid, and had not been transferred, but were proved in the name and on behalf of the creditors, I could not interfere with their rights

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 7 Am. Law Rev. 754, contains only a partial report.]

to prove them through any attorney they might choose to name, although he might be the bankrupt, or might be acting in the bankrupt's interest. All I could do was to refuse to confirm an assignee who might be chosen in that way, which, so far as the purpose for which the debts were proved at the first meeting, rather than afterwards, is concerned, was very much the same thing. That action on my part will tend, I hope, to discountenance the practice of bringing in the preferred creditors, who, in most cases, have no real interest in the choice of assignee, to vote for the bankrupt's friend. It would, perhaps, be a wise rule that such creditors, when sure of eventual payment in full, should have no further right than to object to a dishonest assignee; but in the present state of the law I could not impose such a rule upon the parties. I suggested to the assignees at the hearing that they could save expense to the estate by paying these small preferred debts without regular proof, if they were so fully assured of the facts that there would be no risk of mistake, or if the trade creditors should authorize it; and I understand they have adopted this course, to the great advantage of the general creditors. In the mean time, I repeat my disapprobation of the course that was pursued before the first meeting, and suggest to registers that they will inform persons who may attempt to choose an assignee in such a way that it will be useless. If I could tax the costs against the bankrupt, or whoever it was that induced these creditors to prove, I should be happy to do so; but I do not see that any discretion is left me. Rule 30 of the supreme court, and section 28 of the statutes, seem to me to intend that, if the creditor insists upon his exact right, he may have the cost of proving his debt charged upon the assets.

Then, what is the fee for this service? I am informed that it has usually been charged in this district, since the new rules were passed, and perhaps before, at one dollar. This is on the theory that the affidavit is either a deposition or an examination, and that whichever it is to be called, it is virtually a deposition; and by the fee-bill of 1853 (10 Stat. 167) the charge is twenty cents a folio, which makes on an average length of depositions seventy-five cents; and that by rule 30, twenty-five cents may be added for certifying the proof as correct in form. I have had occasion to learn that in one judicial district the registers, or some of them, charge two dollars and a quarter for every affidavit; and this most exorbitant charge is one great cause of complaint against the operation of the law. It is defended on the ground that rule 30 adds to the twenty cents a folio one dollar for each hour actually engaged; and the registers who make the charge assume that they constructively employ an hour in making out an affidavit, when they know very well that they actually do not. But if they could show in any case that they

had used so much time, a further objection would remain, that the bankrupt act prescribes, in section 47, the fee for depositions to be that already established by the fee-bill; and in two sections the supreme court are authorized to diminish the fees mentioned in the statute, but nowhere are they given the power to increase them. If, therefore, the rule were intended to apply to these affidavits, which I cannot admit, the fee could not be enlarged by it.

My only doubt is whether the whole fee of a register in such a case is not twenty-five cents; but upon careful examination and reflection I am of opinion that if a creditor offers his affidavit in due form, the register is to have twenty-five cents for examining and certifying it; but if the register really prepare the paper, he may charge one dollar, as for a deposition.

It remains only to say, that, so far as any part of the fee is for a power or letter of attorney, it is not a charge on the assets, because it is merely a matter for the convenience of the particular creditor. Assignees and registers will take notice that no further or other fees are to be charged than as above allowed. The dollar is, in my opinion, too much; but I do not see my way to refusing it.

