In re TEBO.

(District Court, D. West Virginia. April 30, 1900.)

1. BANKRUPTCY—PRIORITY OF CLAIMS—COSTS AND EXPENSES.

The costs and expenses of administration of an estate in bankruptcy must be paid out of the estate before there is any distribution to creditors; and although there are specific liens on the estate, sufficient in the aggregate to absorb the entire assets, their payment must be postponed to the payment of the costs and expenses.

2. SAME—WAGES OF LABOR.

Under Bankr. Act 1898, § 64b, par. 4, giving priority of payment in full out of bankrupts' estates to "wages due to workmen, clerks, or servants," earned within three months before the commencement of proceedings, and not exceeding $300 to each claimant, such claims for wages are entitled to be allowed and paid before the funds of the estate can be applied to the discharge of liens against the bankrupt's estate.

3. SAME—FEE OF ATTORNEY OF VOLUNTARY BANKRUPT.

The amount to be allowed as a fee to the attorney of a voluntary bankrupt rests largely in the discretion of the referee in bankruptcy having charge of the case; and his allowance will not be disturbed by the judge, in the absence of evidence to show that it was unjust, excessive, or exorbitant, especially where creditors, being given 30 days in which to file evidence that the amount allowed was too great, have failed to do so.

4. SAME—REFEREE'S EXPENSES.

Exceptions to the referee's charges against the estate in bankruptcy for his expenses therein will not be heard by the court, when the referee's

account of such expenses has been duly kept and returned to the court, under oath, with vouchers, as required by General Order No. 26 (32 C. C. A. xxvii., 89 Fed. xi.), and approved by the court, and especially when distribution of the estate has already been made before such exceptions are presented.

5. SAME—HIRE OF REFEREE'S CLERK.

A referee in bankruptcy may employ a clerk to assist him in the discharge of his duties, and may charge the hire of such clerk as a part of the costs of administration in the several estates in bankruptcy coming before him.

In Bankruptcy. On exceptions certified for review by referee in bankruptcy.

Adrian C. Nadenbousch, for appellants.

Pitzer & Lindsay, for appellees.

JACKSON, District Judge. On the 7th day of March, 1899, William E. Tebo filed his petition in bankruptcy praying that he be declared a bankrupt under the act of congress. On the 7th day of March, 1899, the petition was heard, and he was adjudicated a bankrupt. On the same day an order of reference was made, referring the case to James D. Butts, Esq., one of the referees in bankruptcy, to take further proceedings therein. The record of the referee discloses that he convened the creditors of the bankrupt; that they proved their debts, and elected a trustee; that during the proceedings that were had before the referee, at the instance of the creditors, several adjournments were had, and quite a number of exceptions were noted to the rulings of the referee. It appears from the certificate of the referee that only two questions are certified to the judge of this court for his review, which questions are presented by the petition of the executors of A. J. Thomas.

The first question certified for review involves the question of administration of the bankrupt's estate. The costs of the administration of an estate are always chargeable against the assets of the estate, as provided for by Bankr. Act, § 64, par. 3. It is claimed, however, that the referee, in his order of distribution, directed the payment of costs out of the estate when there were specific liens on the estate which would have absorbed the entire assets of the bankrupt's estate, and that in this the referee erred. The court is of opinion to overrule this exception, for the reason that the bankrupt law expressly provides for the cost of administration as a prior lien upon the assets of the bankrupt's estate before there is any distribution of it to creditors.

The second question certified for review is the allowance by the referee of $677.57 to the several laborers whose names, with the amount reported in favor of each, appear in said order of distribution of the date of August 21, 1899. These are what are known as "labor claims," and, by the order of the referee, payment was suspended until the opinion of this court could be obtained. The court is of opinion that under Bankr. Act, § 64b, par. 4, all wages due to workmen, clerks, or servants, which have been earned within three months before the date of the commencement of proceedings, not to

exceed $300 to each claimant, must be allowed and paid out of the bankrupt's estate before the funds arising therefrom can be applied to the discharge of liens against the bankrupt's estate, and for this reason the order suspending the payment of the amount retained by the trustee until the action of the court could be invoked should be set aside, and the fund distributed, as provided for in Bankr. Act, § 64b, par. 4.

These two exceptions dispose of the only questions certified to the court by the referee for its action; but there are some other exceptions noted which the court will consider and dispose of, to serve as a precedent in questions of a similar character.

There is an exception to the allowance of counsel fees for the bankrupt. The court is of opinion that the allowance to counsel rests largely in the discretion of the referee in bankruptcy, and, there being no evidence filed before the judge of this court that the allowance made by the referee was unjust, excessive, and exorbitant, I am of opinion not to disturb it, as it appears from the record that the referee, after making the allowance, held the matter under advisement for a period of 30 days to give the creditors an opportunity to file evidence to show that the allowance was excessive, which they failed to do. If this were not so, I am of opinion that they waived their grounds of opposition to the allowance, as it appears from the record that the distribution had been made, and the counsel has been paid the amount allowed to him.

As to the exceptions taken by counsel in regard to the expenses of the referee, the court is of opinion to overrule all the exceptions in regard to it, for the reason that by general order No. 26 in bankruptcy (32 C. C. A. xxvii., 89 Fed. xi.), the referee is required to keep an account of his "traveling and incidental expenses, and those of any clerk or other officer that he may need in the performance of his duties in any case which may be referred to him, and shall make a return of the same under oath, with proper vouchers," etc.; and for the additional reason that the charge of $10 per day for the meetings held by the referee, at the instance of the creditors in these proceedings, under rules 5 and 6 of this court, was a proper and legitimate charge against the bankrupt's estate, and falls clearly within the provision of Bankr. Act, § 64b, par. 3. In this case the referee has complied with the rule which requires him to submit his accounts to the judge of the court to be approved by him, and the court is of opinion to overrule said exception as to these accounts, for the reason that it is not now an open question, and for the further reason that the exception comes too late, as the distribution of the assets has been made.

In regard to the allowance of clerk hire, the court is of opinion that no referee can, without the aid of a clerk or such other officer as he may require, discharge his public duties. This is a matter largely within the discretion of the referee, which discretion, if abused, would justify the court in removing him. While Bankr. Act, § 64b, par. 3, does not mention clerk hire as being embraced in the costs of administration, yet the paragraph does not forbid it, and this court is of opinion that it is a necessary incident to the referee,

in the due administration of his office, as he is, in fact, the judge of the bankrupt court.

The other exceptions noted to the action of the referee were not certified to this court for its review, and the court, for this reason, will not consider them; but it is of opinion that, if it did consider these exceptions, it would overrule them, for the reason that the subsequent action of the creditors to the filing of the various exceptions has waived them, and it is therefore unnecessary to notice them in detail beyond those that I have considered and disposed of.

For the reasons assigned, the court is of opinion to overrule the exceptions certified for review, as well as the other exceptions which were not certified by the referee for review.