## In re PIERCE.

### (District Court, D. Colorado. June 4, 1901.)

1. BANKRUPTCY—COMPENSATION OF REFEREE—ALLOWANCE FOR EXPENSES.

   Under Bankr. Act 1898, § 40a, and General Order No. 35 (18 Sup. Ct. ix.), a referee is not authorized to charge a per diem in any case, nor for any order he may enter. The provision of such general order, permitting an allowance to a referee for expenses incurred in publishing or mailing notices, etc., refers to actual expenses; but a referee may make a general charge for blanks used in mailing notices to creditors and for orders entered, and also for clerk hire, where the extent of his business is such that a clerk is needed, which charge should be a gross sum, and uniform in each case, regardless of the amount of work done.

2. SAME—POWERS AND DUTIES OF REFEREES.

   A referee in bankruptcy has no authority to collect or receive money belonging to an estate, nor to issue subpœnas.

In Bankruptcy. On settlement of referee's account for expenses.

Bicksler, McLean & Bennett, for creditors.

HALLETT, District Judge (orally). The referee allowed to himself the sum of $323.75 for incidental expenses incurred by him in the progress of the cause. From an itemized bill presented with the order allowing the claim, it appears that $145 of this amount was per diems for hearing testimony and making various other orders in the case; a considerable part of it was for clerk hire, and attendance of the referee's clerk upon the hearings; some of it for making various orders; and some for subpœnas issued for witnesses.

The first clause of section 40 of the bankruptcy act provides that the referee shall receive, as full compensation for his services, payable after they are rendered, a fee of $10, deposited with the clerk at the time the petition is filed in each case. And in No. 35 of the bankruptcy orders of the supreme court (18 Sup. Ct. ix.) it is provided that the compensation of the referees, as prescribed by the act, should be in full compensation for all services performed by them under the act, or under these general orders, but shall not include expenses necessary to be incurred by them in publishing or mailing notices, in traveling, or in perpetuating testimony, or other expenses necessary to be incurred in the performance of their duties under the act, and allowed by special order of the judge. The bankruptcy act and the order of the supreme court afford no authority to a referee for charging a per diem in any case whatsoever, nor does it authorize a charge for any order whatsoever that may be entered. As to the subpoenas which were issued for witnesses, they are not, under the act, to be issued by the referee under any circumstances. They should be issued by the clerk, and neither the referee nor the clerk, nor anybody else, can receive any fee or reward for issuing such subpoenas. The provision of the general order of the supreme court in regard to expenses of mailing notices, traveling, and perpetuating testimony refers to actual expenses; but a referee may make a general charge, which should be a uniform charge in all cases, for blanks that may be used in each case, for notices to creditors, and orders which may be entered by him. He may make a similar charge for clerk hire where the business is such that clerks are needed. The referees in Denver, I believe, each keep clerks, and probably it is necessary with the number of cases that they have that they should do so; but in those parts of the state where no clerks are kept, and none are needed, the referee is confined to the gross sum of $10, which is allowed for general services in a case, and to the commissions which are mentioned in the act upon dividends declared. The clerk hire which is allowed is not a sum which is to be estimated by the number of notices issued, nor by any other act done in any single case. The charge to be allowed for it, and which is to be, under the rule adopted in regard to all fees under this act, is a gross sum in each case, whether the labor in each case be large or little. The act gives to the clerk and to the referee and to the trustee a gross sum for all services to be performed by him, or by each of them, whether work in any case be large or little.

It is, perhaps, unnecessary to go further into the items of this account. Under the view which I have of the law of the case, it will be necessary to reconstruct the claim entirely. In his report of the case the referee says that there has come into his hands on account of the estate the total sum of $348.60. Upon that it appears to be necessary to state that the referee has no authority whatever in respect to the collection of the estate. This is a matter which stands with the trustee altogether. If there be a receiver in the first instance, or if the marshal be appointed to take charge of the estate before a trustee is chosen, he may, or the receiver may, or the marshal may, perhaps, collect the funds of the estate. It will be the

duty of the referee to at once pay over this sum of $348.60 to the trustee, to be accounted for as the law directs, and I suppose, under the views here expressed, nothing further of this kind will occur in any other case.

The referee's account for incidental expenses will be vacated and set aside.