### In re DAYVILLE WOOLEN CO.

#### (District Court, D. Connecticut. March 5, 1902.)

#### No. 780.

BANKRUPTCY—APPOINTMENT OF TRUSTEE.

    A trustee for a bankrupt should be impartial, and free from all entangling alliances; and, when an attorney representing a majority of the creditors at the election of trustee had been attorney for the bankrupt, it was proper for one representing other creditors to ask him whether any of the claims he represented were held in the interest of the bankrupt, and upon his refusal to answer it was the duty of the referee to put the question and permit a full investigation into the relations between the attorney and the bankrupt and the creditors he represented, and, if any collusion appeared, to decline to receive the collusive votes or to approve the election.

In Bankruptcy. On question certified by referee.

Arthur L. Shipman, for opposing creditors.
Donald G. Perkins, for trustee.

TOWNSEND, District Judge. In this case the referee certifies certain questions to me for opinion and action thereon. It appears that at the meeting for the proof of claims and election of a trustee, and after the claims had been approved and the referee was proceeding to take the vote for trustee, Attorney Shipman, for certain creditors, asked Attorney Perkins, counsel for a majority of the creditors, as to whether or not any of the claims attempted to be voted by said Perkins had been assigned to any person or corporation in the interest of the bankrupt. Counsel refused to answer this question, and claimed that Attorney Shipman had no right to ask such a question. Said Shipman then requested the referee to ask the question, which the referee refused to do, on the ground that the previous reply was sufficient to raise the question. Said Shipman then asked the referee not to permit to be received or counted votes cast by said Perkins on account of such refusal, and on the further ground that

said attorney was the attorney for the bankrupt. The referee ruled that these objections to the vote were insufficient, and confirmed the election of the trustee voted for by said attorney for the bankrupt. It is admitted that said Perkins had been counsel for the bankrupt during proceedings in insolvency. In these circumstances it was his duty to answer said question, and, upon his refusal, it was the duty of the referee to put said question and permit a full investigation into his relations to the bankrupt and the creditors. The trustee should be free from all entangling alliances. The question as to whether there is any collusion with the bankrupt is one which should be definitely disposed of before the appointment, and, if there appears to be reasonable cause to believe such collusion exists, the referee should either decline to receive the collusive votes or to approve the election. In re Rekersdres (D. C.) 108 Fed. 206; In re Houghton, 2 Low. 243, Fed. Cas. No. 6,729; In re McGill, 45 C. C. A. 218, 106 Fed. 57; In re Henschel (D. C.) 109 Fed. 865.

The action of the referee in confirming the election of William P. Kelley as trustee is disaffirmed and set aside, and the referee is directed to call a new meeting for the election of a trustee.