### In re DANIELS.

(District Court, N. D. Iowa, C. D. June 3, 1904.)

No. 508.

1. BANKRUPTCY—FEES OF REFEREE—EXTRA ALLOWANCES.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 409], the only allowance which can be made to a referee in addition to the fees and commission expressly prescribed therein is for expenses necessarily incurred, a detailed account of which must be kept and returned to the court, verified by the oath of the referee, and accompanied by vouchers when they can be procured.

In Bankruptcy. On adjustment of referee's account.

REED, District Judge. In this matter the referee's account and record are before the court for approval. In the account, as shown

by his record, are the following named items or charges made by the referee against the bankrupt's estate:

1903.

| | | |
|---|---|---:|
| Dec. 12. | Mailing 117 notices of first meeting of creditors | $ 5 85 |
| Dec. 9. | Notices by mail, for sale | 5 85 |
| 28. | Notices of trustee's report, by mail | 5 85 |
| | Notice of discharge, by mail | 5 85 |
| | Office rent | 15 00 |
| | Clerk hire | 15 00 |
| | Aggregating | $ 53 40 |

In addition to the above are charges for

| | |
|---|---:|
| Filing claims, at 25 cents each | $ 25 25 |
| Publishing notice of first meeting | 2 90 |
| Record book | 50 |
| 1% commission on money disbursed by trustee to creditors | 6 03 |
| Other charges for traveling and hotel expenses and amount paid to stenographer, aggregating | 15 35 |
| Total | $103 43 |

It becomes necessary to determine which of these charges may rightfully be allowed to the referee in addition to his compensation as fixed by the bankrupt act.

The four items of $5.85 each for "mailing 117 notices of the first meeting of creditors," and other matters referred to, evidently include the preparation of such notices, for in no other way could such an amount of expense be incurred. The duties of the referee are prescribed in section 39 of Act July 1, 1898, c. 541, 30 Stat. 555, 556 [U. S. Comp. St. 1901, p. 3436]. Among other things, he is required to "(4) give notices to creditors as herein provided; * * * (7) safely keep, protect and transmit to the clerks the records required to be kept by him when the cases are concluded." Section 42, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437], provides that the records of all proceedings in each case before a referee shall be kept in a separate book or books, as nearly as may be in the same manner as records in equity cases are now kept in the Circuit Courts of the United States; and when the case is concluded before the referee the record shall be certified to by him, and, together with the papers on file before him, transmitted to the court of bankruptcy, and there remain as a part of the records of the court. "Sec. 58a. Creditors shall have at least ten days notice by mail to their respective addresses * * * of (1) all examinations of the bankrupt; (2) all hearings upon applications for confirmations and compositions or the discharge of bankrupts; (3) all meetings of creditors; (4) all proposed sales of property; (5) the declaration and time of payment of dividends; (6) the filing of the final accounts of the trustee; and the time when and place where they will be passed upon. * * * (c) All notices shall be given by the referee unless otherwise ordered by the judge." 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]. These provisions required of this referee as a part of his duties that he give to the creditors the four notices for each of which he has charged $5.85 in his account.

The compensation of the referee for the duties required of him is fixed by the act as follows:

"Sec. 40a as amended. Referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case, * * * twenty-five cents for each proof of claim filed for allowance, to be paid from the estate, if any, as part of the costs of administration, * * * and one per cent. commission on all moneys disbursed to creditors by the trustee." Act Feb. 5, 1903, c. 487, § 9, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 414].

For actual and necessary expenses incurred, it is provided by section 62a:

"The actual and necessary expenses incurred by officers in the administration of estates shall, except where other provisions are made for their payment, be reported in detail under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred." 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446].

The general orders provide as follows:

"No. X. Before incurring any expenses in publishing or mailing notices, or in travelling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshall, or referee may require from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as a part of the costs of administering the same." 89 Fed. vi, 32 C. C. A. xiii.

"No. XXVI. Every referee shall keep an accurate account of his travelling and incidental expenses, and of those of any clerk or other officer attending him in the performance of his duties in any case which may be referred to him, and shall make return of the same under oath to the judge, with proper vouchers when vouchers can be procured, on the first Tuesday in each month." 89 Fed. xi, 32 C. C. A. xxvii.

"No. XXXV. * * * (2) The compensation of referees prescribed by the act shall be in full compensation for all services performed by them under the act, or under these general orders; but shall not include expenses necessarily incurred by them in publishing or mailing notices, in travelling, or in perpetuating testimony, or other expenses necessarily incurred in the performance of their duties under the act and allowed by special order of the judge." 89 Fed. xiii, 32 C. C. A. xxxiv.

By the amendment of February 5, 1903, c. 487, § 18, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 418], it is provided:

"Sec. 72. That neither the referee nor trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed by this act."

As the act requires that the referee keep a record of the proceedings before him, and give notices to the creditors by mail of the proceedings and other matters named, it follows that the referee must prepare suitable notices, and place the notices in the mails, as a part of his duties. If, however, he pays the necessary postage on such notices, or the actual cost of publishing the same, and for the books in which to make and keep the required record of cases referred to him, he may be allowed the amount so paid from the bankrupt estate in which such expenses have been actually incurred, though under general order No. 10 he may require indemnity before incurring the expenses there referred to, which expense

shall be repaid from the estate, if any, to the bankrupt or other person who actually pays the same. If the notices required to be given by mail were sent by the referees in penalty envelopes, nothing can then be allowed for postage on notices so sent. Necessary traveling expenses, hotel bills, amounts paid stenographers, and for other expenses may also be allowed by special order\of the judge, when a detailed account thereof, verified by the oath of the referee that they were necessarily and actually incurred, and showing the amount paid by him therefor, is returned to the bankruptcy court (with proper vouchers when they can be procured), as provided by the general orders. In this case the referee has not verified his account. Nothing appears in his records which would authorize the charge of $15 for office rent, or $15 for clerk hire, and these items cannot be allowed.

Much criticism was made of prior bankruptcy acts because of the large amount of fees and expenses incurred in the administration of the bankrupt estates. It was the manifest purpose of Congress that such criticism could not rightly be made of the present law, and it fixed the compensation of referees and other officers very low. They may be inadequate in some cases, but the court is powerless to increase them. By the amendment of February 5, 1903, it is expressly provided that the court shall not allow, under any form or guise whatever, any other or further compensation for services than that expressly authorized by the act. From the amount of the commission charged by the referee at 1 per cent., viz., $6.03, it would appear that the value of this estate was but little more than $600, and yet the total amount of the referee's account is $103.43; more than 17 per cent. of the amount distributed to creditors.

If the referee shall verify his account, showing that the items of expense aggregating $15.35 were necessarily incurred and actually paid by him, such items, together with the fee for filing claims, publishing notice, the 1 per cent. commission, and cost of record book will be allowed; but the items for giving the four notices to creditors at $5.85 each, office rent $15, and clerk hire $15, aggregating $53.40, will be disallowed.