## THE WILLIAM B. KIBBEE.

(District Court, E. D. New York. November 4, 1908.)

**COURTS (§ 524*) — CONFLICTING JURISDICTION — ADMIRALTY AND BANKRUPTCY COURTS.**

Where a court of admiralty in a suit in rem acquired jurisdiction of the libeled vessel and the parties before the institution of bankruptcy proceedings against the owner in another district, and has sold the vessel and holds the proceeds, it can exercise its jurisdiction only so far as to determine the rights of the parties in admiralty, and any rights claimed under the bankruptcy law must be submitted to and determined by the court of bankruptcy having jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 524.*

Jurisdiction in admiralty as to matters of contract, see notes to The Richard Winslow, 18 C. C. A. 347; Norton v. The Richard Winslow, Id.; Boutin v. Rudd, 27 C. C. A. 530.]

In Admiralty.

Hyland & Zabriskie, for libelant.

Eugene D. Flanigan, for trustee.

CHATFIELD, District Judge. The libelant has an alleged claim for wages against the boat William B. Kibbee, which was owned by the Robinson-Baxter-Dissosway Towing & Transportation Company, a corporation now in bankruptcy under a petition filed in the United States District Court for the Northern District of New York. The libelant, previously to the filing of the petition in bankruptcy, had begun the present action in this district, and the boat had been seized by the United States marshal. Since that time it has been sold, and the proceeds are now in the registry of the court awaiting distribution. A number of other boats of this same company have also been seized and sold under libels in admiralty in this district, and in most of the cases there will be no surplus after the claim in admiralty is satisfied. In the case of the Kibbee some surplus may result. But the wages claim of Lown has been opposed in admiralty, by the trustee in bankruptcy, who contends that no maritime lien existed in favor of the libelant, and that any claim for wages must be presented in the bankruptcy proceedings in the Northern district of New York.

Under section 64b, par. 4, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562, 563 [U. S. Comp. St. 1901, p. 3447]), wages for a certain period are made preferred claims, and it has been held in the cases of In re Tebo (C. C.) 101 Fed. 419, and In re Erie Lumber Co. (D. C.) 150 Fed. 817, that wages claims are to be paid out of the bankruptcy estate ahead of all other liens except taxes. This court has now upon motion been asked to hold proceeds until the libelant, Lown, can have the question of his preferred claim in bankruptcy fully determined, in order that the proceeds from the sale of the vessel Kibbee in this court may be devoted to the payment of preferred liens in the bankruptcy court. Upon the making of the motion, the libelant was given an opportunity of immediately trying here the issues raised, if he wished to establish his alleged right to a maritime lien.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This he did not do. There can be no question that the admiralty court has jurisdiction of the subject-matter, and jurisdiction of the persons concerned and of the issue involved, so far as the maritime lien is concerned, and that this jurisdiction was complete at the time the bankruptcy proceedings were inaugurated. This would bring the case within the doctrine of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122.

At the time the motion was argued, this court also said that the question of staying the proceedings in this court and of compelling the parties to the proceeding to transfer their disputes to the bankruptcy court could not be determined here, that the bankruptcy court alone was the one to determine what jurisdiction it had, and that this court could not be asked to do more than to exercise jurisdiction properly vested in it, when an issue was properly presented. The fact remains that, if the libelant here has not a good cause of action in admiralty, he may still be entitled to a preferred claim for wages; and if the United States District Court for the Northern District of New York in bankruptcy proceedings, or if the trustee in bankruptcy, or any of the creditors, desire to properly raise the question that the funds of the estate should be devoted to the payment of wages ahead of all maritime liens, then that question should be brought up in a proceeding where jurisdiction may be had over the various parties interested. This court having distinctly stated this proposition, and having stated that it is unwilling, as an academic question, to decide what ought to be done by other parties and other courts with reference to a fund which this court has jurisdiction to distribute, if the issues are brought to trial, there can be but one result: The present case in admiralty must be tried when reached, and in the meantime the fund must be held in the registry of this court.

If the libelant has doubt about having a maritime lien, and thinks that he has a preferred claim for wages in bankruptcy, he should bring the proper proceeding to protect the fund and bring it into the bankruptcy court. Such a result cannot be attained, nor those questions determined, in this action, which merely raises the question whether or not the claim of the libelant has the standing of a lien in admiralty.