Mr. Justice Van Orsdel
delivered the opinion of the Court:
The principal question presented by this appeal is whether or not rents so collected by a cotenant create a lien against his interest in the property, or the proceeds thereof in case of sale, in favor of his cotenants to whom the rents belong. Section 93 of the District Code [31 Stat. at L. 1203, chap. 854] provides that “in every case of partition, any tenant in common who may have received the rents and profits of the property to his *216 own use may be required to account to his cotenants for their respective shares of said rents and profits * * * and any amounts found due on said accounting may be charged against the share of the party owing the same in the property, or its proceeds in case of sale.” We are of opinion that the undoubted effect of the statute is to create an equitable lien against the interest of Moore in the estate in favor of the other cotenants to the amount found to be due to each respectively, which it was within the jurisdiction of the equity court to ascertain and decree. Crosby v. Ridout, 27 App. D. C., 481. But the equity court did not stop here. It proceeded to distribute from the proceeds of Moore’s interest in the estate the sum of $1,-250.45 among the different cotenants in satisfaction of their respective claims.
Moore’s entire interest in the proceeds of the sale of the property in which he was a cotenant amounted to the sum of $2,323.77. The interest of Moore in the estate representing this sum passed to the trustee in bankruptcy two days before the present suit was instituted. It became in custodia legis under the jurisdiction and control of the bankruptcy court. The trustee in bankruptcy was directly accountable to that court, which alone had jurisdiction of the distribution of the fund. Carter v. Hobbs, 1 Am. Bankr. Rep. 215, 92 Fed. 594; Re Cobb, 3 Am. Bankr. Rep. 129.
Under the bankruptcy act, the costs of administration of the estate of a bankrupt are to be paid prior to any liens against the property of the bankrupt. It is a claim superior to legal and equitable liens, and must be satisfied first. Re Tebo, 101 Fed. 419. The creditors are entitled only to have the balance of the estate distributed. It is therefore apparent why another court should not be given jurisdiction of the distribution of the property in the control of the bankruptcy court, for it might distribute the property to an extent that would deprive the bankruptcy court of power to protect itself in the costs of administration. Such a conflict of jurisdiction and authority in the distribution of a bankrupt’s estate would neither conform to *217 public policy nor conduce to the speedy, equitable, and economical administration of the estate of the bankrupt.
It is well settled that an equity court has jurisdiction to-decree an equitable lien against the estate of a bankrupt, but the jurisdiction resides alone in the bankruptcy court to make-distribution of the entire estate of the bankrupt. In Crosby v. Ridout, supra, which fully reviews the bankruptcy act and the-decisions construing it, the court said: “There is no doubt that the trustee under the present law takes the title subject to all equities, liens, or encumbrances, whether created by operation of law or by the bankrupt, which existed against the property in the hands of the bankrupt. Should the court below finally determine and decree the equitable lien sought by appellant, the trustee should, and we have no doubt the bankruptcy court would, give its proper place to such lien in the distribution of' the bankrupt’s estate.”
The equity court, therefore, had complete jurisdiction to entertain the partition proceedings and decree, as was done, the-respective claims of the cotenants for rents as liens against the interest in the estate belonging to Moore. But its jurisdiction ceased at that point, and it remains for the bankruptcy court to administer upon and distribute the entire estate of' Moore for the benefit of his creditors. The full balance arising from the sale of the interest of Moore, after the payment of its share of the costs of selling the property and partitioning the proceeds, should be turned over by the equity court to the trustee in bankruptcy. The bankruptcy court will no doubt respect the claims of these cotenants, as ascertained and decreed by the equity court, and accord to them their proper rights-in the general distribution of Moore’s estate.
The cause is remanded, with directions to the court to modify its decree in conformity with the views expressed herein. Thecotenants will each pay an equal share of the costs of this appeal. Modified.