In re ARTI–STAIN CO.

(District Court, D. Massachusetts. July, 1914.)

BANKRUPTCY (§ 126*)—ELECTION OF TRUSTEE—MODE OF REVIEW.

The proper method of reviewing the proceedings in the election of a trustee is by a petition for review of the order of the referee approving the appointment made by the creditors, and such proceedings will not be reviewed for other alleged errors on a petition which does not question the legality or propriety of such order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 182, 184, 187; Dec. Dig. § 126.*]

In Bankruptcy. In the matter of the Arti-Stain Company, bankrupt. On review of order of referee dismissing petition of creditors for review of proceedings at first meeting of creditors. Affirmed.

Jacobs & Jacobs, of Boston, Mass., for petitioners.

Goldmann Edmunds, of Boston, Mass., for trustee.

MORTON, District Judge. On February 14, 1914, the first meeting of creditors in this estate was held. Apparently there was a contest over the election of a trustee, at which the petitioners for review objected to the voting of certain claims. The referee seems to have ruled against the contention of the petitioners, to have allowed such claims to be voted, and to have approved the election of the trustee. Seven individual creditors thereupon filed this petition for a—

"review of all matters pertaining in and to the first meeting of the creditors held on the 13th day of February, 1914, and the election of trustee at said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meeting, and respectfully represent that the errors complained of are as follows:

"The court erred in making the following orders and rulings:"

Fifteen specifications of error follow, the first eight of which relate to the alleged action of the referee in permitting certain claims to be voted and certain persons to vote, and in not disfranchising certain claims; the next four specifications of error are for not disallowing certain claims; the next two relate to alleged rulings of the referee as to the rights and conduct of the officers of the bankrupt corporation; and the last, to an alleged error of the referee in not ruling that certain persons were colluding to place the administration of the bankrupt's affairs in the bankrupt's control.

No review was specifically requested of the order of the referee approving the choice of trustee, nor is there any specification that such approval was erroneous. It seems to me that the proper way to take review of the proceedings in the election of a trustee is by a petition for review of the order of the referee approving the appointment of the trustee by the creditors. General Order XIII; † Collier on Bankruptcy (10th Ed.) p. 1064. And this seems to be the general practice. See Re McGill (C. C. A., 6th Cir.) 5 Am. Bankr. Rep. 155, 106 Fed. 57, 45 C. C. A. 218; Re Sitting (D. C., N. Y.) 25 Am. Bankr. Rep. 682, 182 Fed. 917; Re Dayville Woolen Co. (D. C., Conn.) 8 Am. Bankr. Rep. 85, 114 Fed. 674; Re Gordon Supply & Mfg. Co. (D. C., Pa.) 12 Am. Bankr. Rep. 94, 129 Fed. 622. The referee was right in holding that this petition for review did not request a review of his order approving the appointment of the trustee. There is no specific reference in the petition to that order, and the broad request for review above quoted from the first part of the petition, if sufficiently definite to stand alone— of which, as it does not refer to any order of the referee, there is great doubt (see General Order XXVII; ‡ Collier on Bankruptcy [10th Ed.] p. 1077)—is plainly limited by what follows it to the "orders and rulings" specifically set out, which do not include the order approving the appointment of the trustee.

It is not necessary to decide whether individual creditors have the right to take review in their own names of an order of approval.

Order of referee affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† 89 Fed. vii, 32 C. C. A. xvii.      ‡ 89 Fed. xi, 32 C. C. A. xxvii.