## In re CAPITAL SECURITY CO.

(District Court, M. D. Tennessee, Nashville Division. January 7, 1918.)

### No. 4799.

1. BANKRUPTCY ⇐223—REFEREE'S EXPENSES—ALLOWANCE.

Bankruptcy Act July 1, 1898, c. 541, § 39(3), 30 Stat. 555 (Comp. St. 1916, § 9623), declares that referees shall furnish such information concerning the estates in process of administration before them as may be requested by the parties interested; while General Order in Bankruptcy No. 35, cl. 2 (89 Fed. xiii, 32 C. C. A. xiii), declares that the compensation of referees shall not include expenses necessarily incurred in the performance of their duties under the act and allowed by special order of the judge. *Held,* that a referee, who, pursuant to inquiries of creditors, incurred expenses for stationery in writing letters to such creditors, is entitled to an allowance for the expense so incurred, provided it is reported as required.

2. BANKRUPTCY ⇐223—REFEREE'S EXPENSES—ALLOWANCE.

Though it is the duty of a referee, under Bankruptcy Act, § 39(3), to furnish parties interested with information, and the compensation provided for in section 40 (Comp. St. 1916, § 9624) cannot be increased in any form or guise, yet as General Order in Bankruptcy No. 35 recognizes, impliedly, at least, that it may sometimes be necessary for a referee to employ a clerk to assist him in the performance of his duties, a referee is entitled to an allowance for stenographic hire, where the volume of correspondence with those interested in a case referred was so large that the referee could not personally answer the inquiries.

3. BANKRUPTCY ⇐223—REFEREE'S EXPENSES—REPORT.

Under Bankruptcy Act July 1, 1898, c. 541, § 62, 30 Stat. 562 (Comp. St. 1916, § 9646), declaring that the actual and necessary expenses incurred by officers in administration of estates shall be reported in detail under oath, and General Order in Bankruptcy No. 26 (89 Fed. xi, 32 C. C. A. xi), declaring that every referee shall keep an accurate account of his traveling and incidental expenses and those of any clerk, or any other officer attending him in the performance of his duty, and make return of the same under oath to the judge, with proper vouchers when vouchers can be procured, a referee, claiming an allowance for stationery used and stenographic assistance needed in answering inquiries of creditors, should report the facts showing the necessity of incurring such expenditures, which report should be accompanied by vouchers, if they can be procured.

In Bankruptcy. In the matter of the bankruptcy of the Capital Security Company. On referee's certificate as to expenses. Referee's request for the allowance of expenses denied, without prejudice to his right to seasonably report in detail under oath certain specified expenses.

SANFORD, District Judge. The referee has filed a certificate, stating that, in the administration of this estate, it became necessary

for him to write 1040 letters to creditors, entailing an expense of $8.80 for letterheads and envelopes and the employment of the services of a stenographer at the rate of three cents per letter, making a total of $40.-00, which sum he has paid; and requesting that authority be given for the payment of such expense out of the funds of the bankrupt estate. He states in this certificate that there were 570 creditors in this case, located in more than twenty states, that the claims filed aggregated $150,000 and that the information sought by creditors was such that he was unable to have a circular letter printed that could be mailed to them; and that, being unable to write the letters personally, he was compelled to secure stenographic assistance.

[1] 1. Sec. 39 (3) of the Bankruptcy Act provides that referees shall "furnish such information concerning the estates in process of administration before them as may be requested by the parties in interest." Sec. 62 of the Act provides that the "actual and necessary expenses incurred by officers in the administration of estates" shall be reported in detail, under oath, and, upon examination, if approved, shall be paid or allowed "out of the estates in which they were incurred." The 26th General Order in Bankruptcy (89 Fed. xi, 32 C. C. A. xi) provides that every referee "shall keep an accurate account of his traveling and incidental expenses, and of those of any clerk or other officer attending him in the performance of his duties in any case which may be referred to him," and "make return of the same under oath to the judge, with proper vouchers when vouchers can be procured, on the first Tuesday in each month." Cl. 2 of the 35th General Order (89 Fed. xiii, 32 C. C. A. xiii) provides that the compensation of referees prescribed by the Act "shall be in full compensation for all services performed by them under the act, or under these general orders"; but shall not include "expenses necessarily incurred by them * * * in the performance of their duties under the act and allowed by special order of the judge."

2. Under these provisions of the Act and General Orders, which are evidently intended to secure economy in the administration of bankrupt estates, I think it clear that the referee can only be reimbursed for such specific expenses as are actually and necessarily incurred in the administration of the particular estate in which they are allowed; and upon due report of such specific expenses, under oath, as provided in Sec. 62 of the Act and the 26th General Order.

3. The cost of stationery used by the referee in the performance of his duties in a particular case, as in sending to creditors prescribed notices of the bankrupt's application for discharge, is such a necessary expense. Re Dixon (D. C.) 114 Fed. 674, 676. And so, where information is requested of the referee by creditors, requiring answers by mail, the cost of the stationery used in replying to such inquiries is an "actual and necessary expense" in the administration of such estate, for which the referee is entitled to reimbursement.

[2] 4. The duty of furnishing such information, however, rests upon the referee, under the specific provisions of the Act. His compensation, prescribed by Sec. 40 of the Act, is in full for all services

performed by him under the Act and General Orders. This compensation cannot be increased in any guise or form. Re Sweeney (6th Circ.) 168 Fed. 612, 614, 94 C. C. A. 90. Clerical assistance aiding him in the discharge of the duties devolved upon him in a particular case does not, in general, constitute a necessary expense for which he may be reimbursed. Re Carolina Cooperage Co. (D. C.) 96 Fed. 950, 953; Re Elk Valley Mining Co. (D. C.) 213 Fed. 383, 387; Re Daniels (D. C.) 130 Fed. 597; Matter of McCubbin Co. (Sup. Ct. Dist. Col.) 33 Am. Bankr. Rep. 277, 279. And if the referee, without any necessity therefor, and as matter merely of personal convenience, instead of answering the inquiries of creditors himself, employs stenographic assistance to aid him in the discharge of such duty, this is manifestly not a necessary expense for which he is entitled to reimbursement.

The 35th General Order (89 Fed. xiii, 32 C. C. A. xiii) however, recognizes, impliedly at least, that it may sometimes be necessary for a referee to employ a "clerk" to assist him in the performance of his duties in a particular case which has been referred to him. And I think it clear that if, in the administration of a particular case, the exigency is such, due either to the volume or urgency of the duties to be performed by the referee, as to render it necessary for him to employ stenographic or other clerical assistance in order that he may adequately and efficiently perform such duties, as where the volume of correspondence with creditors is such as to render it impossible for him to personally answer their letters, the expense so incurred should be allowed as an actual and necessary expense in the administration of such estate. Re Dixon (D. C.) 114 Fed. 676; Re Daniels (D. C.) 130 Fed. 600; Matter of McCubbin Co. (Sup. Ct. Dist. Col.) 33 Am. Bankr. Rep. 279. And see Re Elk Valley Mining Co. (D. C.) 213 Fed. 387, in which the referee's claim for clerk and stenographer hire was disallowed on the specific ground that "the record shows no state of fact which would support" such claim.

This conclusion, however, I should add, is limited to cases in which the necessity appears for the employment of stenographic or other clerical assistance in the administration of the particular estate involved; it not being intended to suggest any concurrence in the view expressed in Re Pierce (D. C.) 111 Fed. 516, 517, and apparently approved, obiter, in Matter of McCubbin Co. (Sup. Ct. Dist. Col.) 33 Am. Bankr. Rep. 281, that a bankruptcy court may, by the adoption of a general rule, authorize the allowance to referees as part of the expense of administration in every estate, of a fixed sum for clerical assistance, regardless of the character or amount of the work involved in the particular case, and in the nature of a general commutation charge for such expenses; or in the doctrine of Re Tebo (D. C.) 101 Fed. 419, 421, in which a general allowance for clerk hire of the referee was made, without, apparently, any showing of the necessity therefor in the particular case.

[3] 5. Since, however, the referee's expenses in the instant case have not been reported under oath, as required by Sec. 62 of the Bankruptcy Act and the 26th General Order, his request for their

251 F.—59

allowance must hence be, and now is, denied; but without prejudice to his right seasonably to report, in detail, under oath, his actual and necessary expenses for stationery and stenographic assistance, and to request the allowance thereof as expenses incurred in the administration of the estate. Such report should state, in a succinct manner, the facts showing the necessity of incurring such expenses in the discharge of his official duties, and should, as required by the 26th General Order, be accompanied with proper vouchers, if they can be procured. Re Daniels (D. C.) 130 Fed. 600.