## In re RURY.

## MITCHELL v. CUNNINGHAM.

(Circuit Court of Appeals, Ninth Circuit.
October 20, 1924. Rehearing Denied
November 17, 1924.)

No. 4309.

1. **Bankruptcy ⟨⟩127—Validity of appointment of trustee should be questioned by petition to revise within time and in manner prescribed by law.**

If parties in interest desire to question legality or validity of appointment of bankruptcy trustee, they should do so by petition for revision within time and in manner prescribed by law.

2. **Bankruptcy ⟨⟩132—Trustee may not be removed by referee.**

Under Bankruptcy Act, § 2 (17) being Comp. St. § 9586, and General Order XIII, bankruptcy trustee may be removed only by court or judge, and referee has no jurisdiction of such proceeding.

3. **Bankruptcy ⟨⟩127—Petitioner, who recognized validity of appointment of trustee for three years, estopped from objecting thereto.**

Where petitioner admitted appointment and qualifications of bankruptcy trustee in litigation to which he was party, and for three years recognized validity of his appointment in bankruptcy court, where he was bankrupt's attorney, he was estopped from objecting thereto.

4. **Bankruptcy ⟨⟩127—Person acting as trustee held at least officer de facto, whose acts and authority could not be inquired into collaterally.**

Person appointed as bankruptcy trustee by referee, who without objection acted as such for three years, was at least officer de facto, and his acts and authority could not be inquired into collaterally.

5. **Bankruptcy ⟨⟩290 — Trustee and creditor may employ same attorney to recover assets.**

There is no necessary conflict in interest between creditor and bankruptcy trustee, and, when they employ same attorney in effort to recover assets, adverse party cannot complain.

6. **Bankruptcy ⟨⟩225—Referee has right and duty to correct mistakes in disclaiming order.**

Referee in bankruptcy has right and duty to correct order directing trustee to disclaim bankrupt's property as worthless, where order by mistake includes property not intended to be disclaimed.

Petition, under Section 24b of the Bankruptcy Act of Congress, approved July 1, 1898, to Revise in Matter of Law, an Order of the District Court of the United States for the Northern Division of the Eastern District of Washington.

In the matter of Charles Rury, bankrupt. Petition by W. B. Mitchell to revise in matter of law an order in favor of Glenn E. Cunningham, as trustee in bankruptcy. Judgment affirmed.

W. B. Mitchell, of Spokane, Wash., in pro. per.

Lund & Dodds and Lloyd E. Gandy, all of Spokane, Wash., for respondent.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. These are petitions to revise certain orders in bankruptcy. The record has not been printed and contains no index. It consists of upwards of 50 closely typewritten pages, wherein pleadings, orders, explanations, and arguments are indiscriminately commingled. It is needless to say that an appellate court should not be compelled to wade through such a mass for the purpose of ascertaining the facts or the questions for decision. But,

waiving all this, the facts gleaned from the record are substantially these:

Early in December, 1920, the bankrupt, through the petitioner, as his attorney, filed a voluntary petition in bankruptcy. At the first meeting of creditors thereafter held the bankrupt was examined by certain attorneys in the interest of a creditor or person who had as yet filed no claim; the petitioner appearing as attorney for the bankrupt. At the close of the hearing, no creditor having filed a claim, the referee appointed one Cunningham trustee and fixed his bond in the sum of $100. The bond, with two members of the bar as sureties, was approved, and the trustee entered upon the discharge of his duties. Soon thereafter he commenced an action in a state court of competent jurisdiction against the petitioner to recover certain property theretofore transferred by the bankrupt to the petitioner. The complaint in the action alleged that the plaintiff therein was the duly appointed and qualified trustee of the bankrupt estate, and this allegation was admitted by answer. Upon the trial, judgment was given in favor of the trustee against the petitioner, and that judgment was affirmed on appeal. Cunningham v. Mitchell, 126 Wash. 294, 218 P. 386.

In addition to his appearance in the state court as a party, the petitioner repeatedly appeared in the bankruptcy court as attorney for the bankrupt, and the regularity of the appointment of the trustee or the sufficiency of his bond was never called in question until upwards of three years after his appointment, when a motion was interposed in the state court by the petitioner to vacate the judgment of the Supreme Court of the state, upon the ground that the plaintiff in the action was not the duly appointed and qualified trustee of the estate. This motion was denied, and thereafter a motion of like import was interposed before the referee. The referee denied the motion, and his order was affirmed by the District Court. The latter is the first order complained of here.

[1, 2] The petition filed before the referee was wholly without merit, for several reasons. In the first place, if the parties in interest desired to question the legality or validity of the appointment of the trustee, they should have done so by petition for revision within the time and in the manner prescribed by law. In re Arti-Stain Co. (D. C.) 216 F. 942. Again, it would seem that the effect of granting the prayer of the petition would be to remove the trustee from office, and this can only be done by the court or judge. The referee has no jurisdiction of such a proceeding. Bankruptcy Act, § 2 (17) being Comp. St. § 9586; General Order XIII.

[3, 4] Lastly, the petitioner is clearly estopped by his conduct and barred by lapse of time. He admitted the appointment and qualification of the trustee in civil litigation to which he was a party, and repeatedly recognized the validity of the appointment in the bankruptcy court for upwards of three years. Not until he thought that he could defeat the judgment of the highest court of the state against him did he raise the objection. We might here add that should he succeed in this attempt he would necessarily fail in his ultimate purpose, because the trustee was at least an officer de facto, and it is elementary law that his acts and authority as such cannot be inquired into collaterally.

[5] Petitioner also sought to disqualify the attorney who appeared before the state court for the trustee upon the ground that he had also acted as attorney for a creditor of the estate. The latter fact is denied, but the fact itself is not material; nor is it material to inquire whether the question is properly before us. There is no necessary conflict in interest between a creditor and a trustee in bankruptcy, and, if the two see fit to join forces and employ the same attorney in an effort to recover assets, the adverse party or a stranger will not be heard to complain.

[6] After final judgment in the state court, the trustee filed a petition before the referee specifically describing ten parcels of real property recovered in that action and recommending that he be authorized to disclaim as to three of such parcels. A meeting of creditors was called to consider the petition and as a result of that meeting the referee entered an order reciting: "It is ordered that the trustee be and he is hereby authorized to disclaim as worthless all the property described in said petition."

Later a petition for the sale of the remaining property was presented to the referee, and the petitioner then objected to the sale upon the ground that the property had already been disclaimed by the trustee. The referee thereupon on his own motion amended his former order, so as to authorize a disclaimer as to the three parcels particularly described in the petition. The amended order is now before us for review. Reading the first order in the light of the petition upon which it was granted, it should perhaps be construed as a disclaim-

er of the three parcels only; but, be that as it may, if through inadvertence or mistake the first order did not speak the truth, it was the right and duty of the referee to correct it as soon as the mistake was called to his attention. This he did and nothing more.

This disposes of the several rulings complained of, and finding no error in the record, the judgment is affirmed.