## In re ALLEN B. WRISLEY CO.*

(Circuit Court of Appeals, Seventh Circuit. October 5, 1904.)

No. 1,056.

1. BANKRUPTCY—COMPOSITION—PETITION TO SET ASIDE.

Leave to file a petition to set aside the confirmation of a composition in bankruptcy should be refused only when the petition on its face shows that, upon the facts stated, the petitioner cannot under any circumstances be entitled to relief.

2. SAME—PARTIES IN INTEREST—ASSIGNMENT OF CLAIM.

A creditor of a bankrupt, who has assigned his claim, receiving a consideration therefor, is no longer a "party in interest" who can maintain a petition to set aside the confirmation of a composition subsequently entered, although the assignment was obtained through the fraud and misrepresentation of the trustee and bankrupt, whatever may be his right to proceed against them.

3. SAME—MISCONDUCT OF TRUSTEE.

A trustee in bankruptcy holds a fiduciary relation to creditors, and should not be interested in any scheme of composition. His joining with the bankrupt to effect a composition to the detriment of creditors by means of false representations as to the assets is ground for his removal, and for setting aside the composition.

Grosscup, Circuit Judge, dissenting.

In Bankruptcy. Petition to Review an Order of the District Court of the United States for the Northern District of Illinois, Sitting in Bankruptcy.

Subsequently to the adjudication in bankruptcy, and the appointment of the Chicago Title & Trust Company as receiver, and thereafter as trustee, on September 21, 1903, a composition with creditors accepted by a majority in number holding allowed claims, including the Central Commercial Company, the appellant, was confirmed by the court. On December 30, 1903, the appellant applied for leave to file its petition to vacate the order confirming the composition, to remove the trustee, and for further proceedings in the administration of the estate of the bankrupt. Leave to file this petition was denied, and thereupon a review of such order is sought in this court.

The petition to vacate the confirmation of the composition sets forth that the trustee and the bankrupt, with a view to defraud the latter's creditors, corruptly agreed that the trustee should furnish the money to settle with creditors; that the trustee, pursuant to that arrangement, purchased a large number of the claims of the creditors; that one Stone, the authorized agent of the trustee and of the bankrupt, offered the petitioner 40 per cent. of its claim if it would accept and consent to a composition at that rate, representing that the trustee was not furnishing the money for the settlement; that the assets upon sale in the bankruptcy proceedings would not net the creditors 40 per cent. of their claims; that no creditors had received more than that percentage, and would be paid no more; that, relying upon such representations, the petitioner accepted the composition, "and at the request of said Stone, on the representation that it was necessary in order to carry through said composition on the basis of forty per cent., your petitioner executed an assignment in blank of its claim, and an acceptance of said forty per cent. composition, and a waiver of any checks due it in any other manner by reason of the confirming of said composition"; that all such representations were false; that the trustee advanced large sums of money to effect the composition and to purchase claims; that unsecured creditors, three of whom are specified, have received more than 40 per cent. of their unsecured claims, and

*Rehearing denied November 22, 1904.

that, if the assets had been sold, the creditors of the bankrupt would have received more than 40 per cent. of their claims; that such assets, as shown by the report of the receiver, filed subsequently to the confirmation of the composition, amount to nearly $274,000, and the liabilities do not exceed $234,000; that the assets exceed in value the total indebtedness; that upon confirmation of the composition the bankrupt transferred to the trustee all of its property, and the trustee now conducts the business, employing the president of the bankrupt company as manager; and that the falsity of the representations came to the knowledge of the petitioner subsequently to the confirmation of the composition.

Lewis W. Parker, for petitioner.

S. O. Levinson, for respondent.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge.   Whether the order under review is correct depends upon the question whether the petition presents a case availing to vacate the confirmation of the composition.   Dumont v. Des Moines Valley Railroad Company, 131 U. S. clx., 25 L. Ed. 520. It does not, however, follow that filing of the petition should have been refused, if it be essential that all creditors assenting to the composition should be made parties and cited to answer, upon the ground that, upon the vacation of the order confirming the composition, such creditors must repay the money they had received, and incur the risk of obtaining a less sum from the trustee, under the ruling in Marshall Field & Company v. Wolfe Dry Goods Company, 57 C. C. A. 326, 120 Fed. 816— a question upon which we express no opinion.   Failure to make such creditors parties might be ground for special demurrer; but the petition in that respect is amendable, and all proper parties could have been brought in.   It is only, we take it, when the petition upon its face shows that, upon the facts asserted, the petitioner cannot under any circumstances be entitled to relief, that filing should be refused.

We are constrained to the conclusion that it is shown by the petition' that the petitioner is not entitled to the relief sought.   The confirmation of the composition can only be set aside "upon the application of par-' ties in interest."   Act July 1, 1898, 30 Stat. 550, c. 541, § 13 [U. S. Comp. St. 1901, p. 3427].   The petition shows that the petitioner assigned his claim, receiving therefor 40 per cent. of the amount.   It is true that it is alleged that this was done upon the representation that it was necessary in order to carry through the composition.   The law does not so provide.   The petitioner was bound to know the law, and had no right to rely upon such representation.   By the assignment, and so long as it stands effective, the petitioner was devested of all interest in the claim and in the estate of the bankrupt.   The consideration was paid to and received by the petitioner at the date of the assignment. If the confirmation of the composition had failed, and creditors had received less than the amount offered, the petitioner would not be obliged to refund the excess received over the amount the estate should realize.   The risk of loss was borne by the purchaser of the claim.   We do not say that the petitioner may not have a right of action against the trustee for the damages sustained by reason of asserted false representation, but we hold that, having parted with all title to his claim, the petitioner is not in a position to assail the composition.

While we are thus constrained to hold, we cannot permit that silence with respect to the alleged doings of the trustee should be construed as in any sense condonation of the conduct complained of. A trustee in bankruptcy is an officer of the court, chosen by vote of the creditors. He stands to creditors in a fiduciary relation. He holds the estate in trust primarily for creditors; secondarily, if there be a surplus, for the benefit of the bankrupt. He should have no interest to serve except to conserve the estate. He should not be interested in any scheme of composition. In all matters between creditors and bankrupt he should stand indifferent. His sole care should be to make the most out of the estate, and that primarily in the interest of the creditors. When he goes beyond that, and seeks to aid the bankrupt at the expense of the creditors, and by concealment or by false representations induces creditors to act contrary to their interest, he violates his duty, and should be removed from the trust to which he has been false. If the facts stated in this petition be true—but for the fact that the petitioner had disposed of all interest in his claim—we should not hesitate to annul the composition.

GROSSCUP, Circuit Judge (dissenting). To my mind, in a case such as presented by this petition, the court should have allowed the petition to have been filed; and, the facts being established by the proofs, have entered an order, without prejudice to the composition, so far as it affected creditors not joining in the petition, and without prejudice to the creditors joining in the petition, so far as the composition was an executed matter, requiring the bankrupt and the trustee, the wrong doers, to account for any advantage obtained by them through the wrong perpetrated. Had the purchaser of the bankrupt's assets been an innocent third party, the petition might be unavailing. But the composition money came, not from an innocent third person, but from the trustee. A trustee cannot be allowed thus either to help himself or his cestui que trust; and as to him there cannot be applied the considerations that in the case of an innocent purchaser, would preclude the opening up of the matter. I think that the majority opinion, while recognizing clearly the fraud on the bankruptcy law that the facts averred disclose, fails to recognize the power in the possession of a court of equity to circumvent such fraud by requiring the wrong doer to surrender up the advantages of the fraud.

The order is affirmed.