### In re .E. I. FIDLER & SON.

(District Court, M. D. Pennsylvania. September 24, 1909.)

#### No. 996, In Bankruptcy.

1. BANKRUPTCY (§ 368*)—RESIGNATION OF TRUSTEE IN LIEU OF REMOVAL— COMPENSATION.

Where a bankrupt's trustee was allowed to resign to avoid the odium of removal because of his friendly attitude to the bankrupts, and his apathy to proceedings instituted to compel the bankrupts to turn over property

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which they had withheld, his claim for compensation should be at least partially denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. § 368.*]

**2.** BANKRUPTCY (§ 482*)—ADMINISTRATION OF ESTATE—ATTORNEY'S FEES.

Where attorneys for a bankrupt's trustee took a position antagonistic to the creditors and in favor of the bankrupts, and by their advice concerning proceedings to compel the bankrupts to turn over withheld property probably brought about the trustee's resignation, they were not entitled to more than a nominal sum for their services.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

**3.** BANKRUPTCY (§ 248*)—EXPENSES OF ADMINISTRATION—APPRAISEMENT.

In the ordinary case, appraisers of a bankrupt's estate are entitled to but $5 a day for three days; the trustee being required to justify any greater allowance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 248.*]

**4.** BANKRUPTCY (§ 482*)—ADMINISTRATION OF ESTATE—COUNSEL FEES.

At the commencement of the administration of a bankrupt's estate, D. represented certain creditors, and took steps to recover concealed property from the bankrupts, necessitating a removal of the trustee and the appointment of another, which he accomplished in the face of serious opposition. After the appointment of the new trustee, D. acted as attorney for the estate, and prosecuted a rule on the bankrupts, by which they were ordered to return $3,400 worth of property. The bankrupts, for failure to comply with the rule, were imprisoned, and thereafter released on payment of $500. *Held,* that D. was entitled to an allowance from the state for his services of $250, being entitled to recover from the estate only for such services as he rendered after he appeared as attorney for the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

**5.** BANKRUPTCY (§ 482*)—ADMINISTRATION—REMOVAL OF TRUSTEE—EXPENSES.

Where an attorney for creditors took steps to procure the removal of a trustee which he subsequently accomplished, and was employed to represent the trustee's successor, he was entitled to reimbursement for disbursements necessarily made from the time he took steps to have the original trustee removed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

In the matter of E. I. Fidler & Son, bankrupts. Heard on certificate of referee on objections to the account of J. C. Loose, trustee. Modified.

See, also, 163 Fed. 973.

Frank M. Decker, for trustee.

E. O. Nothstein, opposed.

ARCHBALD, District Judge. As was well understood at the time, the former trustee was allowed to resign in order to avoid the odium of a removal. If not actively opposed to the prosecution of the proceedings which had been instituted to compel the bankrupts to turn over property which they withheld, his attitude was such that it was necessary to have him retire in favor of some one who could be unquestionably relied on. Unfortunately he does not seem to have been well advised; his counsel having been in apparent sympathy with the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupts. No doubt, the rule on them was taken and considerable of the testimony to support it developed during his incumbency. But the proceedings were at a standstill, with no prospect of their resulting in anything, until Mr. Decker intervened and brought them to a successful issue. It is not pleasant to say these things, but they are in the case and have to be passed upon.

If the trustee was removed for cause, it was optional to allow compensation. In re Leverton (D. C.) 19 Am. Bankr. Rep. 434, 155 Fed. 931. And it should at least, under the circumstances, be in part denied him. The showing was such that he was called on to act vigorously. And, if he had, the estate would not have been involved, as it has, in unending litigation. The bankrupts had plainly made away with their goods, and yet he practically did nothing to recover them. It was only as creditors overriding his supineness took the matter in hand through their own counsel that anything was accomplished, in order to succeed in which the resignation of the trustee was necessary. As a matter of discipline, therefore, the case is one which calls for action; the only way of reaching the trustee being through his compensation. He claims $105 in his account, which the referee, upon exception, cut down to $72. All things considered, this in my judgment should be still further reduced to $50; that of the present trustee being increased accordingly.

There also should be a similar reduction in attorney fees, and for even stronger reasons. As already intimated, the position of the trustee was probably not so much his own, as it was influenced by counsel. Had not counsel inclined to favor the bankrupts, the trustee no doubt would not have done so either. The amount to be allowed on this account will therefore be reduced to $25.

The expense of taking the inventory is outrageous; each appraiser receiving $40. This is an extravagance which cannot be countenanced. The cost of appraisements is getting to be an abuse, which, if not taken in hand by the courts, will lead to radical action by Congress. A per diem fee of $5 is all that is allowed in this district, and it must be an extraordinary case where over two or three days are necessary. If there is occasion for anything more than that, the trustee must justify it. For anything that appears here $15 apiece, or $45 in all, is all that there was occasion for; and the amount will be reduced accordingly.

A claim of $1,000 was made by Frank M. Decker as counsel in prosecuting the rule on the bankrupts by which they were ordered to turn over $3,400 of property. The referee allowed $200 and rejected the balance. It may be, as things go, that the services of Mr. Decker would ordinarily entitle him to the amount asked for. But having regard to the benefit to the estate, by which his compensation is largely to be measured, he cannot be said to have earned anywhere near that. In the beginning, he acted, not for the trustee, but for his clients, and he must look to them therefore for anything that is lacking. It is only from the time when he became counsel for the new trustee whom he succeeded in having appointed that either fees or expenses can be allowed him. But, having regard to what he did after that, $250—a little more than was given by the referee—would seem to be about what he is entitled to. With much labor, and in the face of serious opposition, he secured

an order on the bankrupts to turn over a large amount of property which they had made away with, and, while only $500 was in fact obtained, that much at least was realized. And the effect of the example on other cases is not to be lost sight of. The compromise by which the bankrupts were let out of jail on payment of that sum is made the subject of criticism. But, if counsel who think that more could have been obtained will suggest how it can be done, it is not too late even yet to enforce the order in toto. Mr. Decker also claimed $295.53 for disbursements, of which the referee allowed only $142.18. Complaint is made of this, that nothing was considered before January 3, 1908, whereas he began to act for the estate in November previous. The first trustee resigned December 2, 1907, and the present one qualified a week later. Mr. Decker, however, is entitled to be regarded as representing the estate from the time he took steps to have the former trustee removed, and to have his expenses taken care of accordingly. The disbursements to be allowed him should therefore be increased to $202.18.

As the result of these conclusions, the exceptions must be sustained to the extent indicated, and the case sent back to the referee to settle the account of the trustee according to the views expressed in this opinion.

And it is so ordered.