## In re JAMES CAROTHERS & CO.

(District Court, W. D. Pennsylvania. February 9, 1912.)

No. 4,132.

BANKRUPTCY (§ 212*)—PLEDGED SECURITIES—SALES—VACATION OF ORDERS—PETITION.

    Stockbrokers having become bankrupts, and their liabilities being largely secured by pledges of stocks, bonds, and other securities, which they had purchased for customers as security for speculative accounts,

the court restrained the pledgees from enforcing their contracts of pledge, and from time to time, as customers ascertained where their securities had been pledged, and as the pledgees insisted on enforcing their contracts, applications were made by the customers for leave to redeem and by the pledgees for leave to sell the securities. No such applications were allowed, however, until the customer had identified his particular securities, or the proceeds thereof. *Held*, that a petition to set aside such orders and to compel the customers and pledgees to account, not filed for more than four months after the petitioners acquired knowledge thereof, and failing to show in what manner, or to what extent the petitioners were damaged, or to excuse the delay, would not be granted.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 212.*]

In the matter of bankruptcy proceedings of James Carothers & Co. On petition for rule on the trustee to show cause why he should not be removed, and why certain orders for the sale of assets should not be revoked, and certain persons compelled to make restitution to the bankrupt's estate. Dismissed.

Chantler & McClung, for trustee.

R. B. Petty and John O. Petty, for petitioning creditors.

ORR, District Judge. A petition has been presented to this court asking for a rule upon the trustee to show why he should not be removed and a rule upon 42 persons to show cause why certain orders of this court should not be revoked, and said persons compelled to make restitution to the bankrupt estate. At the time the petition was presented objection was made that the averments contained in the petition, and the petition itself were not sufficient to move the court to grant the rules prayed for.

Before considering the petition, it is well to consider in a general way what is disclosed by the record of the proceedings in bankruptcy. James Carothers & Co. were stockbrokers in the city of Pittsburgh, Pa. On May 18, 1908, an involuntary petition in bankruptcy was filed against them. Their liabilities at that time were in the neighborhood of $2,169,000, of which almost all was secured by pledges of stocks, bonds, and other securities which they had purchased for their customers as security for speculative accounts. The pledgees were numerous, and included banks, individuals, partnerships, and corresponding brokers in Pittsburgh, New York, and other places. To prevent a needless sacrifice of such securities by forced sales, this court deemed it advisable to make, and on May 18, 19, 1908, did make, an order restraining the pledgees from enforcing their contracts of pledge. From time to time as customers of the bankrupts ascertained where their securities had been pledged, and as pledgees insisted upon enforcing their contracts of pledge, applications were made by the former for leave to redeem and by the latter for leave to sell the securities. These applications were approved after notice to the receiver of the bankrupt estate because vested rights could not be impaired. However, no application of a customer was allowed until his identification of the particular shares, or the proceeds thereof where the same had been sold, was made clear to the satisfaction of the court as well as to the receiver. In so doing the court relied upon the authority

of Richardson v. Shaw, 209 U. S. 365, 28 Sup. Ct. 512, 52 L. Ed. 835, and Thomas v. Taggart, 209 U. S. 385, 28 Sup. Ct. 519, 52 L. Ed. 845, and the cases therein cited and approved.

The present petition is that of George R. Pearson, Margaret M. Pearson, John O. Petty, and Frank C. Irish for themselves and such other creditors and claimants as choose to join them. It makes brief reference to the proceedings hereinbefore outlined. They aver that "all of the stocks, bonds, and other securities of all the customers" of the bankrupt may be sufficiently identified, and that all of the customers were entitled to notice of the previous petitions. They further aver that George R. Pearson owns 410, Margaret M. Pearson owns 500, and John O. Petty owns 765 shares of the Crucible Steel Company stock, which had been pledged by the bankrupts to the same pledgees (not naming them or any of them) with whom had been pledged the securities delivered up by order of this court except in six instances named. It will be observed that the petitioners do not in any way identify their shares or set forth with whom and where the same were pledged by the bankrupts. While they set forth that they have been interested in and have been injured by the aforesaid orders of this court, they do not set forth in what manner and to what extent. They do not set forth any excuse for their delay in presenting their claim to this court, except want of notice. If they could have identified their property, they should have proceeded to protect and secure their own. The petition shows that John O. Petty had knowledge in April, 1910, and the others by information from him on September 19, 1910. The petition was verified November 25, 1910, and presented shortly afterwards. Their lack of diligence in looking after their property, which was necessarily in precarious position at the date of bankruptcy, of which they are presumed to have had notice, is inexcusable. The charges against the trustee are without merit. That he and some of his relatives were owners of some of the redeemed securities, that he was receiver at the time the orders complained of were made, and that he has declined to act at the request of the petitioners to apply to the court for a rescission of those orders are not inconsistent with his duties as trustee.

The proceeding is not against the trustee only, but the 42 customers whose names are set forth in Exhibit A, attached to the petition. Their relations to each other and to the petitioners are not explained. The petition is so uncertain that none of the 42 could properly answer it. It is multifarious in a marked degree.

No rule to show cause should issue.