ZIMMERMAN et al., Trustees, v. FARMINGTON SHOE CO. et al.

SAME v. MILFORD SHOE CO. et al.

In re CASS & DALEY SHOE CO.

Circuit Court of Appeals, First Circuit. March 16, 1929.

Nos. 2298, 2299.

Guy C. Richards, of Salem, Mass. (Alexander G. Gould, of Boston, Mass., Edward S. Underwood, of Lynn, Mass., and Harry Shapiro, of Boston, Mass., on the brief), for appellants.

Joseph B. Ely and Frank W. Crocker, both of Boston, Mass. (Ropes, Gray, Boyden & Perkins, of Boston, Mass., on the brief), for appellees Farmington Shoe Co. and others.

William G. Thompson, of Boston, Mass., for appellees Milford Shoe Company et al.

John J. Burns, of Cambridge, Mass., for Joseph E. Daley.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. Treating law defenses set up in the answers as motions to dismiss, the court below entered final decrees dismissing the bills, with costs, res adjudicata, without hearing evidence. These rulings cannot be sustained. In effect, counsel for defendants concede that the most .they are entitled to is dismissals without prejudice, remitting plaintiffs to new suits, better pleaded. They are not entitled even to that support. The only questions calling for brief discussion are laches and multifariousness; the other contentions, if not entirely frivolous, should be dealt with by motions to strike or requests for rulings at the trial.

1. The bills are not multifarious within the fair meaning of Equity Rule 26. They are suits by trustees in bankruptcy to recover the stocks of two alleged subsidiaries of the bankrupt shoe company, held by agents or straw men of the bankrupt as its property, combined with quasi stockholders' suits to recover money, machinery, etc., turned over to these subsidiaries by the parent concern. Obviously, if plaintiffs recover the control of the corporations, the other contentions are likely to become unimportant. But, in any aspect, "sufficient grounds * * * appear for uniting the causes of action in order to promote the convenient administration of justice." Equity Rule 26. The purchase of the stocks of, and the advances to, the subsidiaries, are closely related transactions, entirely apart from the general charge of conspiracy.

2. Laches, generally, plainly on these bills as amended, involves facts. On an involuntary petition, filed April 17, 1925, this bankrupt was adjudicated in June, 1925. On July 11, 1925, the referee appointed three trustees; a prolonged controversy over the trustees ensued, further extended by the death of one of them and the selection of his successor on September 15, 1927. The bills were not filed until October 28, 1927. Without facts, no court can place the blame for this unconscionable delay. At any rate, the bills as now amended allege that the delay has caused no injury or prejudice to the defendants. This is enough to call for a showing of the facts. If the delay was mainly due to inefficiency of the trustees, they should have been removed by the court under General Order XIII (set out under 11 USCA § 53). Trustees in bankruptcy are quasi officers of the court; the court has an affirmative duty to see that their performance is prompt and efficient in marshaling and distributing the estate to creditors, normally entitled to their final dividends within about a year. Sections 57n, 65b, 11 USCA §§ 93(n), 105(b). To remit this case, for, apparently a long trial, in the fifth year after petition filed, is highly discreditable bankruptcy administration, even if all the parties, and possibly also the court, are to be blamed.

Summarized, the cases stated are of a parent company bankrupted by financing subsidiaries from assets belonging beneficially to its creditors; on the allegations, the stocks are recoverable; some or all of the advances may be.

The decrees must be vacated, with costs to plaintiffs, and the cases stand for speedy trial on the merits.

In each case the decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellants.