## In re SAVOIA MACARONI MFG. CO., Inc.

District Court, E. D. New York.
March 13, 1933.

David Feifer·and John H. Gamaldi, both of New York City, for the motion.

J. L. Nicoll, of New York City, for trustee.

Baar, Bennett & Fullen and Arthur Block, all of New York City, for Kingsboro Nat. Bank.

Carl J. Austrian and Leonard H. Bernstein, both of New York City, for Bank of United States.

Parsons & Constable, of New York City, for John D'Amato.

Samuel L. Miller, of New York City, for stockholders.

INCH, District Judge.

This matter comes before me on a petition and order to show cause why a trustee in bankruptcy should not be removed and another substituted.

The motion is vigorously opposed by the attorney for trustee, and on the hearing attorneys for various creditors or alleged creditors expressed their views at length, some for and some against the motion.

Voluminous affidavits have been filed and charges and countercharges hurled by each side against the other.

■ Under the bankruptcy practice, the sole power of removal rests with the judge.

For that reason the court allowed the greater part of the court day to be devoted to hearing these arguments and statements of alleged facts by the various parties.

■ Good cause must be shown for any removal. Merely because of some alleged unfriendliness by the trustee towards a creditor or failure to co-operate with others would not necessarily be sufficient on which to base the exercise of the judicial discretion vested by the law in the court in such removal proceedings.

Something more must be shown; that is, that the continuance in office of the trustee is plainly not for the best interest of the estate. In re Fidler & Son (D. C.) 172 F. 632, 23 A. B. R. 16; Bollman v. Tobin (C. C. A.) 239. F. 469, 38 A. B. R. 504; Woodford v. Cosden & Co. (C. C. A.) 289 F. 67, 1 A. B. R. (N. S.) 516; In re Berree & Wolf (D. C.)

185 F. 224; In re Rury (C. C. A.) 2 F.(2d) 331; In re Bloomberg (D. C.) 48 F.(2d) 635–637; General Order 13 (11 USCA § 53); Brown Bankruptcy Law and Procedure, § 80; Remington on Bankruptcy (3d Ed.) vol. 2, §§ 1168–1172.

In Bollman v. Tobin (C. C. A.) supra, the rule which should govern the court in such cases was that stated by the Supreme Court in May v. May, 167 U. S. 310–320, 17 S. Ct. 824, 42 L. Ed. 179.

■ This rule in substance is that, where it is made plain that in the clash of various interests the best interest of the creditors may suffer, and it is apparent that such lack of harmony will surely arise if the trustee is allowed to continue, then the court should, at the request of the creditors, remove this obstacle to harmony and proper co-operation, even though it means the vacation of the office by the present incumbent.

■ While the court can determine and should promptly determine and ignore baseless charges, yet, when charges are made which have some substance in fact, although the ultimate decision of same might prove them to be groundless or grossly exaggerated, the court should not delay the necessary administration of·the estate in order to determine the ultimate truth of such charges, for that is not the real problem before the court. The problem is to have a trustee in charge entirely independent of any faction, well qualified to administer the estate and who will not present this constant friction between interests, but, on the contrary, will satisfy, so far as possible, all the creditors in seeing that the bankrupt estate is well, expeditiously, and duly administered.

For this reason, and without deciding the truth or falsity of the various charges made here, and solely in the interest of this harmony and the proper and efficient administration of this estate, this court has granted the motion to remove the present trustee.

■ However, the right to elect their trustee belongs, within the law, to the creditors. The court cannot assume that they cannot elect an impartial trustee. See section 44 of the Bankruptcy Act (11 USCA § 72). In re Lewensohn (D. C.) 98 F. 576.

This being so, the matter must be sent back to the referee for the purpose of calling another meeting of the creditors to fill the vacancy to occur in the trusteeship.

Had the opportunity been presented for the court to appoint, I would have appointed James G. Moore, 72 Wall Street, Manhattan,

a well-qualified attorney and a resident of this district, for it is disinterested men of this type that the proper administration of this particular estate seems to require. However, this is entirely a matter for the creditors.

It also appears that, due to a fire which destroyed some of the property of the estate, proofs of loss, etc., must be filed before the date of any meeting of creditors that can be duly called. As this appears to be essential, the court can see no harm to the creditors, and in fact it would appear of benefit to the estate if the present trustee be allowed to remain as trustee in order to thus execute, etc., these necessary papers. It is also necessary that some one be in charge of the premises of the bankrupt.

Accordingly, the order should provide that the vacancy occur on the day before the date fixed for the meeting of creditors, or, if the trustee prefers, and after the due signing by him, etc., of the proofs of loss and other necessary papers, he may duly file with the referee his resignation to take effect, prior to the meeting, on the meeting date.

This meeting should be promptly called. Submit order.