**In re PIPE RAILING CONST. CO., Inc.**

District Court, E. D. New York.

Jan. 11, 1934.

Russel H. Kittel, of New York City, for Frederick Russell.

Samuel C. Duberstein and Max Schwartz, both of Brooklyn, N. Y., for trustee.

CAMPBELL, District Judge.

This is a hearing on a petition to review the order of the referee, dated November 13, 1933, denying the claim of Frederick Russell, in the sum of $4,140.81, as a secured or priority claim, and allowing the same as a general claim.

The claimant filed a proof of claim herein against the bankrupt's estate in the sum of $4,140.81, as a secured or priority claim, based upon an oral pledge of the machinery and merchandise belonging to the bankrupt, as security for the unpaid rent due the claimant.

The claim in question is based upon a note for $1,426.28 for unpaid rent during the year 1931, and $2,714.53 for unpaid rent during the year 1932.

The note for $1,426.28 made by the bankrupt to the order of the claimant became due

on September 5, 1932, and was protested for nonpayment.

The claimant instituted a suit against the bankrupt for unpaid rent on September 24, 1932, and also instituted summary proceedings to dispossess the bankrupt.

On October 21, 1932, the claimant recovered a judgment against the bankrupt in the sum of $2,968.64.

The claimant on October 21, 1932, issued an execution to a marshal, who took possession of the bankrupt's property, assets, and effects on said date and remained in possession of the assets until the petition in bankruptcy was filed.

On October 27, 1932, the bankrupt filed a voluntary petition in bankruptcy.

The aforesaid note remained unpaid at the time of the filing of the petition in bankruptcy, and the rent for the months of September and October, 1932, was unpaid.

The marshal turned over the assets so levied on by him to the receiver in bankruptcy, and he in turn sold the same and turned over the proceeds to the trustee.

The claimant filed a claim herein with the referee on December 9, 1932.

On November 2, 1933, the trustee filed objections to the said claim of the claimant for $4,140.81, on the following grounds: (1) That there is no such sum due and owing to claimant. (2) That claimant is not entitled to priority. (3) That said claim is unsecured.

The objections of the trustee were brought on for hearing on November 10, 1933, before the referee, and on November 13, 1933, he made the order which it is sought to review herein.

The claimant testified: That in September, at or about the time that suit was instituted, he had a conversation with the officers of the bankrupt, and the officers advised him that they were unable to meet the back rent, and a demand was made on the part of the claimant for security, and that as a result of their conversations, the officers agreed to give the claimant a chattel mortgage on the machinery and merchandise of the bankrupt. No chattel mortgage was ever given. On Friday, October 21, 1932, the marshal made a levy upon the bankrupt's property and took possession of its assets. That thereafter the claimant and officers of the bankrupt had further conversations, as a result of which, it is alleged, that the officers of the bankrupt orally agreed to pledge the assets of the bankrupt as security for the payment of the claim of the landlord.

The marshal was in possession of the property of the bankrupt under a levy at the time the alleged agreement of pledge was made, having taken possession on October 21, 1932, and remained in possession until he turned it over to the receiver in bankruptcy, after the petition in bankruptcy was filed.

The claimant did not enter into possession of such property.

No change in the condition of the bankrupt took place between September, 1932, and October 27, 1932, the time of the filing of the petition in bankruptcy.

The judgment obtained by the claimant, the landlord, was never paid, satisfied, or discharged, and is still of record.

█ The referee saw and heard the witnesses, his findings of fact are supported by the evidence, and there is no manifest error in his findings of fact. I therefore accept them as decisive. General Order 47 in Bankruptcy (11 USCA § 53); In re C. J. McDonald & Sons (D. C.) 178 F. 487, affirmed Bank of Marion v. Norwood (C. C. A.) 184 F. 986.

The consideration alleged by the claimant was an antecedent debt.

There was no change of possession to the claimant, and no record of any transfer, and therefore no pledge, as the marshal was in possession and remained in possession until he turned the property over to the receiver in bankruptcy.

██ An oral agreement to execute a chattel mortgage would create no lien in favor of the claimant, as it would be simply an agreement and not a chattel mortgage; further, if the agreement to make a chattel mortgage was made, it was an agreement to make a mortgage covering both machinery and the merchandise of the bankrupt, which would be void under section 230-a of the Lien Law of the state of New York (Consol. Laws, c. 33); therefore the agreement would be unenforceable.

█ Even if the oral pledge was made, the alleged consideration was an antecedent debt, and it was on the eve of bankruptcy, after the note made by the bankrupt had been protested for nonpayment in September, 1932, after judgment had been obtained thereon and not paid, and the marshal was in possession under an execution, and after the bankrupt had failed to pay the rent for the months of September and October, 1932, and after a final order in supplementary proceedings had been obtained by the claimant against the

bankrupt, and the bankrupt was in arrears to the claimant for other rent.

The claimant therefore had knowledge or in any event reasonable cause to believe that the bankrupt was insolvent, and that the effect of such a transfer would be to give the claimant a larger percentage of his debt than other creditors of the bankrupt in the same class, and therefore a preference and in violation of section 60 of the Bankruptcy Act (11 USCA § 96) and void.

The plea of laches of the trustee, set up by the claimant, cannot be sustained, as there is no evidence whatever that the claimant has been misled to his injury by the inaction of the trustee in making objections to the claim of the claimant at an earlier date. Anderson v. Dater (D. C.) 18 F.(2d) 987, 8 A. B. R. (N. S.) 497; Lowell v. Brown (D. C.) 280 F. 193; Zimmerman v. Farmington Shoe Co. (C. C. A.) 31 F.(2d) 405; Wilkinson v. Livingston (C. C. A.) 45 F.(2d) 465.

The petition to review is denied and overruled, and the order of the referee which it is sought to review herein is confirmed.