32

**In re OLIVERI et al.**
**No. 40547.**

District Court, E. D. New York.
May 12, 1942.

Herman G. Robbins, of Brooklyn, N. Y., for trustee.

Cohen & Wedeen, of New York City, for new creditors.

Shaine & Weinrib, of New York City, for Irving G. Krassner, a general creditor.

ABRUZZO, District Judge.

This is a motion for an order vacating and setting aside the order of the referee, dated February 27, 1942, granting the application of William P. Youngs & Co. to remove Reuben Weinberg, as trustee herein.

It has been ascertained from the facts submitted that Reuben Weinberg was duly nominated as trustee and there being no further nominations was unanimously elected trustee. Thereafter, a motion was made before the referee for the removal of the trustee and an order was made granting that motion. The order directed that a special meeting of creditors be called for the purpose of electing a new trustee. The order was based upon the following findings:

"(1) That sharp controversies will rise in this proceeding between the various classes of creditors which exist in this case.

"(2) That the present Trustee is the attorney for and officer of the 95 Lorimer Street Realty Corp., the landlord of the premises occupied by the bankrupt.

"(3) That the said corporation has filed a general claim against the estate for rent accrued prior to the filing by the debtor of its petition for Arrangement under Chapter XI.

"(4) That said corporation may also assert a claim against the estate as an administration expense for rent accrued subsequent to the filing of the said petition for Arrangement and for use and occupancy of the premises by the Receiver and a claim for unliquidated damages for the unexpired portion of the lease.

"(5) That the said Trustee was nominated and elected in ignorance of the foregoing facts and on the assumption that he represented only the interests of the general creditors.

"(6) That the interest represented by said Trustee may be adverse to the interests of the general creditor body.

"(7) That the retention of the present incumbent as Trustee will cause a mingling of conflicting interests which may work to the detriment of some of the creditors to the undue advantage of others.

"(8) That lack of harmony between creditors will surely arise if the present incumbent is allowed to continue.

"(9) That proper cooperation between the creditors and the Trustee would be thwarted by the continuance of the Trustee in office.

"(10) That the continuance of the Trustee will result in the anomalous situation of the Trustee acting in a dual capacity of contesting the claims of a creditor or of a class of creditors whom he represents.

"(11) That it is for the best interests of the creditors in this proceeding to have

a disinterested Trustee entirely independent of any faction of creditors who will not present constant friction or intensify any cleavages of interests and satisfy as far as possible all creditors in seeing the estate well and expeditiously administered.

"(12) That the continuance in office of the Trustee is plainly not for the best interests of the Estate."

The prime necessity for bankruptcy proceedings is to preserve the estate for the benefit of creditors. Woodford v. Cosden & Co., 8 Cir., 289 F. 67.

A trustee should be wholly free to perform his duty as trustee in administering the estate impartially for the good of each and all of the creditors. No interest, except that of the estate should be his consideration. Wilson v. Continental Building & Loan Ass'n, 9 Cir., 232 F. 824.

Where there is a clash of various interests the best interest of the creditors may suffer, and where there is any obstacle to harmony and proper co-operation the Court should remedy the condition even though it means the vacation of the office by the present incumbent. In re Savoia Macaroni Mfg. Co., D.C., 4 F.Supp. 626.

In the instant matter, the trustee seems to imply that he has been personally affronted. The Court fails to find any reason for this feeling on the part of the trustee.

The order of the referee was manifestly fair and this Court confirms that order for the removal of the trustee and the calling of a special meeting of creditors for the purpose of electing a new one because of the possible conflict of interests as pointed out in the opinion of the referee.

Settle order on notice.