**In the Matter of CHAPTER 13, PENDING AND FUTURE CASES.**

**Bankruptcy No. 82–5002.**

United States Bankruptcy Court,
W. D. Washington.

Feb. 24, 1982.

On Reconsideration May 7, 1982.

Gene S. Anderson, U. S. Atty. by David E. Wilson, Asst. U. S. Atty., Seattle, Wash., for United States.

Quigley, Hatch, Loveridge & Leslie by Thomas T. Glover, Seattle, Wash., for respondent.

## OPINION

PETER M. ELLIOTT, Bankruptcy Judge, sitting by special assignment.

Irwin Kleinman is before the court to show cause why he should not be removed as Chapter 13 trustee in all pending cases. In addition, Kleinman seeks reconsideration of this court's order of August 14, 1981 terminating his appointment as Standing Trustee for Chapter 13 cases.

The issue is whether Irwin Kleinman sexually harassed his employees and, if so, is sexual harassment cause for termination of his appointment and removal from pending cases.

The order to show cause re removal as trustee from pending cases and respondent Kleinman's motion for reconsideration of the order of August 14, 1981 terminating him as standing trustee as to future Chapter 13 cases came on regularly for hearing on February 8 and 9, 1982 and were submitted for decision.

I have not considered the findings of the Washington State Human Rights Commission. I have drawn no inferences from the fact that Kleinman is being prosecuted by the State of Washington for the crime of indecent liberties, a felony, or from the fact that Kleinman asserted his privilege against testifying in the hearing before me under the Fifth Amendment to the United States Constitution.

## TERMINATION OF APPOINTMENT AS STANDING TRUSTEE

11 U.S.C. § 1302 authorizes the court to appoint a trustee in Chapter 13 cases. If the number of cases are high enough, the court may appoint a standing trustee, § 1302(d). If a court has a standing trustee, he automatically serves as trustee in all Chapter 13 cases in the district.

█ If a person is competent to perform the duties and has an office in or adjacent to the judicial district, he or she is eligible to be appointed as trustee, 11 U.S.C. § 321. The only other requirement is that they be able to post a bond.

Except for the foregoing requirements, the judge's discretion in appointing a trustee is unfettered. The judge may decide not to appoint an eligible individual because he doesn't like the color of his or her hair. The disappointed would-be trustee is not entitled to a hearing; he has no vested interest in the position as to future appointments.

■ The court's order of August 14, 1981, terminating Kleinman as standing trustee as of August 21, 1981 as to new cases filed after August 21, 1981 is entirely proper and a valid exercise of judicial discretion. Therefore, Kleinman's motion for reconsideration should be denied.

## REMOVAL AS TRUSTEE IN EXISTING CASES

Kleinman is the duly appointed and qualified trustee in all Chapter XIII cases filed under the former Bankruptcy Act and in all Chapter 13 cases filed before August 21, 1981 under the new Bankruptcy Code.

■ The procedure for removal of Kleinman as trustee in both Chapter XIII cases and Chapter 13 cases is the same. Notice and hearing is required and cause for his removal must be shown. Bankruptcy Rule 13–211(c) and 11 U.S.C. § 324.

Kleinman has been the standing trustee in Chapter 13 and Chapter XIII cases since 1975. In 1977 he hired Ferrol Carlson as a clerk in his office. Carlson worked continuously for Kleinman until June 19, 1981 at which time she was fired by Kleinman's assistant. That evening, after normal office hours, Carlson approached Kleinman concerning her termination. Kleinman rescinded her termination and held her, kissed her, and fondled her breast. Kleinman then exposed his penis and caused her to masturbate his penis. Carlson submitted to Kleinman because she was afraid of him and because she felt that her continued employment depended on her submission.

Collette Beares worked for Kleinman in his Chapter 13 office between December 1979 to July of 1980. Kleinman made numerous unwelcome advances to Mrs. Beares, fondled her, kissed her and forced her to masturbate his penis. Mrs. Beares finally quit to escape Kleinman's attentions.

The testimony of Beares was corroborated by another employee, Michelle Berry. Ms. Berry observed Kleinman's conduct towards Mrs. Beares. Ms. Berry was also the recipient of an unwelcome advance by Kleinman. Kleinman's propensity to force himself upon women was corroborated by Mary Champux. Ms. Champux sought employment in Kleinman's office. During the interview, he offered her $1,000 per month to start, substantially more than she was then earning. Kleinman trapped her against the wall, kissed her and suggestively pushed his body against hers. She was frightened and offended and did not accept the employment.

The evidence is overwhelming that Irwin Kleinman sexually harassed at least two of his female employees.

There are no reported cases under the new Code as to cause for removal as trustee, but quite a few under the Act. From those cases it appears that cause for removal as trustee involves the performance of his official duties.

*In re Carothers & Farmington Shoe Co.*, 192 F. 691 (W.D.Pa.1912) A trustee should be removed when he neglects his duty or fails to pursue voidable transfers.

*Zimmerman v. Farmington Shoe Co.*, 31 F.2d 405 (1st Cir. 1929) Trustee removed: conflict of interest, bias, dishonesty, inability to work efficiently with creditors, best interests of estate.

*Matter of Oliveri*, 45 F.Supp. 32 (E.D.N.Y.1942), conflict of interest disclosed after appointment, trustee had been officer and attorney of bankrupt's corporate landlord.

*In re Savoia Macaroni Mfg. Co.*, 4 F.Supp. 626 (E.D.N.Y.1933), trustee removed clash of interests, trustee removed to restore harmony among creditors and trustee.

*Bollman v. Tobin*, 239 F. 469 (8th Cir. 1917), trustee removed where he had lost the confidence of the creditors and cooperation was impossible.

*Matter of Stephens & Co.*, 30 F.2d 725 (S.D.Cal.1928), trustee improperly taking compensation before approval received; carelessness and negligence in rendering accounts; purchased property of the estate.

*In re Allen B. Wrisly Co.*, 133 F. 388 (7th Cir. 1904), trustee removed after concealing facts and making false representations to creditors in order to obtain agreement to composition.

In re Freeport Italian Bakery, Inc., 340 F.2d 50 (2nd Cir. 1965), trustee removed where he had concealed his blood relationship with officers of the bankrupt and had exaggerated a claim in his own behalf and on behalf of relatives; fraud or actual injury to interest of the estate required.

In re Marraccini, 187 F.Supp. 610 (N.D. Cal.1960), referee directed to conduct hearings on whether trustee was elected by attorneys in exchange for promise to retain them; such a bargain would justify denial of fees or removal.

In re Automated Business Systems, Inc., 642 F.2d 200 (8th Cir. 1981), creditor properly brought fraudulent conveyance action where trustee refused to act; dicta: trustee who fails to perform duties may be removed.

At 63 Am.Jur.2d 752, the editors state: § 202. Removal for cause.

Instead of enumerating particular causes for the removal of public officers, their superiors in authority may be empowered to remove them for "cause." The phrase "for cause" in this connection means for reasons which the law and sound public policy recognize as sufficient warrant for removal, that is, legal cause, and not merely cause which the appointing power in the exercise of discretion may deem sufficient. It has been implied that officers may not be removed at the mere will of those vested with the power of removal, or without any cause. Moreover, the cause must relate to and affect the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public.

The eccentric manner of an officer, his having an exaggerated notion of his own importance, indulgence in coarse language, or talking loudly on the streets, however offensive, will not warrant any interference with his incumbency. Rudeness of an officer not amounting to illegality of conduct, or to oppression under color of office, is not such misconduct as will give cause for removing him from office.

Kleinman has efficiently and honestly performed his duties as Chapter 13 trustee. His sexual harassment of his female employees and Ms. Champux is reprehensible, but it is not legal cause for his removal.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within Opinion shall constitute my findings of fact and conclusions of law.

## MEMORANDUM OF DECISION

### On Reconsideration

The government has moved for reconsideration of my opinion dated February 24, 1982 and to amend the order to the removal of respondent Kleinman in Chapter 13 cases and Chapter XIII cases in which he was appointed trustee before August 18, 1981.

Cases cited by the government, such as Turner v. Campbell, 5th Cir. 581 F.2d 547 and Wathen v. United States, 208 Ct.Cl. 342, 527 F.2d 1191, involving termination of government employees are distinguishable. There are published regulations defining conduct which is criminal, immoral, indecent or disgraceful in nature as being cause for termination of the employee for the "efficiency of the service." The federal employee is on notice that he or she may be terminated for such conduct.

Trustees serving the bankruptcy court are independent contractors. In the Western District of Washington, the Chapter 13 trustee is appointed by the court under 11 U.S.C. § 1302(a).

Subsection (a) provides administrative flexibility by permitting the bankruptcy judge to appoint an individual from the panel of trustees established pursuant to 28 U.S.C. § 604(f) and qualified under section 322 of title 11, either to serve as a standing trustee in all chapter 13 cases filed in the district or a portion thereof, or to serve in a single case.

Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 139, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5925.

28 U.S.C. § 604(f) provides that the Director of the Administrative Office of the

United States Courts shall name qualified persons to membership on a panel of trustees for each bankruptcy court. That section further provides that the qualifications of persons named to the panel of trustees shall be determined by rules and regulations adopted by the Director. I will take judicial notice that to date the Director has not promulgated any rules or regulations as to the qualifications of trustees. It is interesting to note that § 604(f) also provides that the Director may remove a person from the panel of trustees for cause. This case illustrates that perhaps the Director should consider rules and regulations patterned after the regulations governing the conduct of government employees.

█ The government also cites cases arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. But there is no evidence that Kleinman is an "employer" or engaged in "commerce" as those terms are defined in 42 U.S.C. § 2000e(b) and (g). Therefore, he is not covered by the Act. However, Kleinman is subject to the law of the State of Washington.

RCW 49.60.180(3) states that:

It is an unfair practice for any employer: .... (3) To discriminate against any person in compensation or in other terms or conditions of employment because of such person's age, sex, marital status, race, creed, color, national origin, ...

The comparable Federal statute, 42 U.S.C. § 2000e–2(a) provides in part:

It shall be an unlawful employment practice of an employer ... to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

I found no case in the annotations to RCW·49.60.180 involving sexual harassment by an employer. However, it is appropriate to consider the rulings of Federal courts under 42 U.S.C. § 2000e–2(a) because laws in *pari materia* should be construed with reference to each other.

The case of *Barnes v. Costle*, 561 F.2d 983 (C.A.D.C.1977), 46 A.L.R.Fed. 198, and the cases collected at 46 A.L.R.Fed. 224, show that sexual advances by an employer are not actionable under Title VII of the Civil Rights Act of 1964 unless they are imposed as a condition or term of employment.

█ I found in my opinion dated February 24, 1982 that Ferol Carlson submitted to Kleinman's advances because she was afraid of him and because she felt her continued employment depended upon her submission. Her feelings concerning employment were reasonable in view of the fact that immediately before the event her employer, Kleinman, had rescinded the termination of her job.

*Barnes v. Costle*, supra, as well as *Tomkins v. Public Serv. Electric & Gas Co.*, C.A.3d (1977) 568 F.2d 1044 and *Miller v. Bank of America*, C.A.9th, 600 F.2d 211 indicate a strong Federal policy against women employees being forced to endure offensive and unwelcome sexual advances by their supervisor or employer. I am persuaded that this is also the policy of the State of Washington under RCW 49.60.180 and should be the policy of the United States Bankruptcy Court. Therefore, the government's motion to amend the February 24, 1982 Order should be granted.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum of decision shall constitute my findings of fact and conclusions of law.