**Gerald E. LINDQUIST, Plaintiff,**

v.

**UNITED STATES of America and M. Scott Michel, United States Trustee for Region IX, Defendants.**

**Adversary No. 94–8194.**

United States Bankruptcy Court, W.D. Michigan.

Nov. 7, 1994.

---

Mark A. Kehoe, Mika, Meyers, Beckett & Jones, for plaintiff.

W. Francesca Ferguson, Asst. U.S. Atty., for defendants.

## OPINION RE: DEFENDANTS' MOTION TO DISMISS

LAURENCE E. HOWARD, Chief Judge.

This matter comes before the court on defendants' motion to dismiss. The facts, for the purpose of this hearing, have been taken from plaintiff's first amended verified complaint, defendants' motion to dismiss and the briefs filed by the parties. The background necessary for a determination here today appears to be as follows.

### BACKGROUND

Plaintiff Gerald E. Lindquist was appointed as a chapter 7 panel trustee for the Western District of Michigan effective August 19, 1988. He continued in that capacity until December 1, 1993.

On December 1, 1993, the Assistant U.S. Trustee for the Western District of Michigan, Daniel J. Casamatta, sent Mr. Lindquist a letter informing him that effective November 30, 1993, he would not be reappointed to the chapter 7 trustee panel, would be removed from the draw for new chapter 7 appointments, and would not be appointed to any new chapter 7 cases. However, the letter of non-reappointment did not affect Mr. Lindquist's prior appointment to any pending cases; he continues to administer those cases.

On December 11, 1993, Mr. Lindquist wrote a letter to Mr. Casamatta requesting an explanation of his non-reappointment and inquiring as to possible steps which he might take to secure reappointment. Apparently, Mr. Casamatta responded by telephone three days later and indicated that defendant M. Scott Michel, acting U.S. Trustee for Region IX (Michigan/Ohio), would contact Mr. Lindquist.

Mr. Lindquist sent a letter to Mr. Michel on December 15, 1993, requesting a review of his complete record. Mr. Lindquist followed this letter with a phone call on January 21, 1994, to request a response to his letter dated December 15, 1993. Mr. Lindquist states that he has never received any response.

By letter dated January 26, 1994, Mr. Lindquist filed a Freedom of Information Act ("F.O.I.A.") request with the F.O.I.A./Privacy Act officer of the Executive Office of the U.S. Trustee for specific documents which may have been created, used or considered in making any decisions concerning the termination of his appointment.

The U.S. Department of Justice informed Mr. Lindquist, by letter dated February 7, 1994, that it was reviewing its records and would respond as expeditiously as possible. Defendants claim that the response to the F.O.I.A. request was issued on June 17, 1994.

Mr. Lindquist states that as of June 21, 1994, the date of his first amended complaint, he had received no response to his request for reconsideration of the U.S. Trustee's decision or to his request for information relating to his removal from the panel of chapter 7 trustees.

In this action, Mr. Lindquist alleges that: 1) defendants' actions were unreasonable, arbitrary, and capricious; 2) defendants' decision not to reappoint him to the chapter 7 panel constitutes an abuse of their discretion; 3) defendants' actions were undertaken without due process of law in violation of the First Amendment to the United States Constitution[1]; and 4) defendants' refusal to respond to the F.O.I.A. request is a violation of 5 U.S.C. 552.

Mr. Lindquist's first amended verified complaint states that: this court has jurisdic-

---

1. As the merits of this argument were never reached, I make no findings of fact or law as to whether the First Amendment affords the plaintiff any due process rights.

tion based on 28 U.S.C. 157(a) and (b); that this adversary proceeding is a core proceeding arising under title 11 as specifically defined by 28 U.S.C. 157(b)(2)(A); that this court has exclusive jurisdiction of all cases arising under title 11 as provided by 28 U.S.C. 1334(a); and that this court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of 11 U.S.C. 105(a).

The defendants responded to the amended complaint with the present motion to dismiss asserting: that this court lacks jurisdiction under 28 U.S.C. 1334(a) because the claims are not brought in any case under title 11; that this court lacks jurisdiction under 28 U.S.C. 1334(b) because the claims do not involve civil proceedings arising under title 11; that this court lacks jurisdiction under 28 U.S.C. 1334(b) because the claims do not involve proceedings arising in or related to a case under title 11; that this court lacks jurisdiction under 11 U.S.C. 105 because that provision is not jurisdictional and because the claims are not brought to carry out the provisions of title 11. Finally, the defendants contend that the service of process upon the United States of America was deficient.

## DISCUSSION

■ The threshold question in this matter is whether this court has jurisdiction to hear a dispute between a chapter 7 panel trustee and the U.S. Trustee when that dispute is not related to a specific case pending before the court.[2]

■ The bankruptcy court is a court of limited powers. Those powers which it does possess derive from jurisdiction of the United States District Court. Specifically, jurisdiction over title 11 cases is conferred to the district court by 28 U.S.C. 1334 which reads, in part:

2. This court's power to remove a trustee from a case pending before the court is authorized by 11 U.S.C. 324 which reads:

§ 324. **Removal of trustee or examiner.**
   (a) The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.

§ 1334. **Bankruptcy cases and proceedings.**

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in or related to* cases under title 11. (emphasis added)

The bankruptcy court receives its jurisdiction from the district court by virtue of 28 U.S.C. 157(a):

§ 157. **Procedures.**

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

   (2) Core proceedings include, but are not limited to—

   (A) matters concerning the administration of the estate;

   \*    \*    \*    \*    \*    \*

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy

   (b) Whenever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise.

judges's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

These provisions are made applicable to bankruptcy judges in this District by way of Local Rule 57:

**Referral of cases under Title 11 to bankruptcy judges.**

Pursuant to the powers granted by 28 U.S.C. § 157(a) any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 previously filed or hereafter filed shall be referred to the bankruptcy judges of this district.

In addition to these statutes, Mr. Lindquist has cited 11 U.S.C. 105(a) as a basis for jurisdiction. That section reads, in pertinent part:

**Power of court.**

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Having recited the statutory bases upon which plaintiff relies, I will now discuss the merits of his argument.

Mr. Lindquist asserts that the actions of the U.S. Trustee relate to cases under title 11 and that no court is more appropriately vested with jurisdiction of this dispute than this court. Unfortunately, I disagree.

I would concede that the parties to this suit all deal with title 11 daily, and indeed, their relationship is an outgrowth of the existence of title 11. However, this is not a case under title 11, nor does this dispute arise under title 11, nor does it arise in or related to a case under title 11. Rather, it appears to me that this dispute arises under 28 U.S.C. 586 which concerns certain duties of the United States Trustee. That section reads, in pertinent part:

**§ 586. Duties; supervision by Attorney General.**

(a) Each United States trustee, within the region for which such United States trustee is appointed, shall—

(1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees in cases under chapter 7 of title 11.

In addition, federal regulations also deal with a U.S. Trustee's powers over a private trustee panel:

**§ 58.1 Authorization to establish panels of private trustees.**

\* \* \* \* \* \*

(b) Each U.S. Trustee is authorized, with the approval of the Director, Executive Office for United States Trustees (the "Director") to increase or decrease the total membership of the panel.

\* \* \* \* \* \*

28 C.F.R. 58.1

Irrespective of where the actual cause of action in this matter may find its basis, it is clear that this court has no jurisdiction to adjudicate disputes such as this which have their roots outside of title 11.

In addition, the cases cited by the plaintiff do not persuade me to come to the conclusion that jurisdiction is proper with this court. Although the plaintiff cites *In the Matter of Chapter 13 Pending and Future Cases,* 19 B.R. 713 (W.D.Wash.1982) for the proposition that a bankruptcy court may remove a panel trustee, I do not find this case persuasive because it predated the U.S. Trustee program which was implemented nationally by the Bankruptcy Judges, United States Trustees and Family Farmer Act of 1986. Prior to that Act, the bankruptcy court was vested with the responsibility of appointing and supervising the panel trustees. That is no longer true. Those duties now fall on the U.S. Trustee.

It is my opinion that the U.S. Trustee's power to appoint or remove an individual from trustee panel as set out in 28 U.S.C. 586 falls outside the jurisdictional grant of 28 U.S.C. 1334 and thereby outside the jurisdic-

tion of the bankruptcy court. Given that conclusion, it would be inappropriate for me to reach the merits of Mr. Lindquist's claims or any additional issues raised by defendants regarding the validity of service. I make no findings relative to those matters.

## CONCLUSION

I interpret the plain language of the statutes which set out the bankruptcy court's jurisdiction to restrict this court's ability to adjudicate matters to those proceedings arising under title 11, or cases arising in or related to cases under title 11. I find that this adversary proceeding falls somewhere outside of those parameters. For the above stated reasons, defendants' motion to dismiss is hereby GRANTED.