#### In re AMERICAN ACOUSTICS, Inc.
#### Bankr. No. 6672a.

United States District Court,
D. New Jersey.
April 23, 1951.

See also 80 F.Supp. 970; 86 F.Supp. 607.

Douglas M. Hicks, New Brunswick, N. J., trustee.

Larkey, Mareiniss & Snyder, by Barney Larkey, Newark, N. J., for trustee.

Milton M. & Adrian M. Unger, by Milton M. Unger, Newark, N. J., for John B. Shearer, trustee, and petitioning creditors.

Edward A. Kole, New York City, for preferred stockholders.

Goldstein & Novogrod, by David Goldstein, Asbury Park, N. J., for general unsecured creditors.

Arthur A. Burck, New York City, for Securities & Exchange Commission.

Roger M. Yancey, Asst. U. S. Atty., Newark, N. J., for Collector of Internal Revenue.

FAKE, District Judge.

The issues now before the Court arise on objections to the making of al-

lowances to John B. Shearer for his services as a Trustee, and to Milton M. Unger as counsel for divers interests during the pendency of these proceedings. These issues were referred by me to Referee Wheelans, and he has now made his report against the making of any allowances whatever to the petitioners, to which report petitioners object.

Much time has been spent in a study of the records and evidence in this case with a view to making some allowances if possible to these petitioners for some very commendable services rendered by each of them during the administration of this estate. However, after a reading of the exhaustive briefs, and the cases cited therein, together with a prolonged consideration of the facts involved, I am convinced that the Referee's conclusions are correct, and under the law as it now stands, no allowances can be made to either of the applicants. The Referee's report is so well considered that a further opinion of mine would be to burden the record with repetitious matter.

### Report of Referee on Allowance of Fees and Expenses

To the Honorable Judges of the United States District Court for the District of New Jersey:

The question here involved is whether certain allowances for fees and expenses should be made, and if so, in what amount.

### Facts

Petitions are on file by the following named persons for the fees and expenses set opposite their names:

|  | Fees | Expenses |
|---|---|---|
| John B. Shearer, Receiver | $   200.00 | |
| Larkey, Mareiniss & Snyder, Attorneys for Receiver | 600.00 | |
| John B. Shearer, Trustee | 7,500.00 | |
| Douglas M. Hicks, Trustee (In addition to $5,000.00 heretofore granted as an interim allowance) | 10,000.00 | $   51.80 |
| Larkey, Mareiniss & Snyder, Attorneys for trustee (In addition to $7,500.00 heretofore granted as an interim allowance) | 12,500.00 | 34.93 |
| Milton M. Unger and Adrian M. Unger, Attorneys for petitioning creditors | 250.00 | 146.20 |
| Milton M. Unger and Adrian M. Unger, Attorneys for Debtor | 1,000.00 | 17.56 |
| Edward A. Kole, Attorney for preferred stockholders | 1,500.00 | |
| C. H. Weelans, Referee | 200.00 | |
| | (To be paid to U. S. Clerk for Referees' Salary Fund) | |
| C. H. Weelans, Referee | 200.00 | |
| | (To be paid to U. S. Clerk for Referees' Salary Fund) | |
| C. H. Weelans, Referee | 200.00 | |
| | (To be paid to U. S. Clerk for Referees' Expense Fund) | |

On December 15, 1950, an order was entered referring this matter to the undersigned Referee to report on said fees and allowances.

After due notice to the parties, hearings were held on December 19 and December 22, 1950, at which time affidavits were filed by George Zolobar, Esq., and Arthur A. Burck, Esq., of the Securities and Exchange Commission; Milton M. Unger and John B. Shearer testified; briefs were filed and arguments heard.

It appears that the trustee will have on hand a balance of $30,088.05. The total fees applied for amount to $34,150.00. Claims are filed for taxes amounting to $31,196.40, including a claim of the United States Government for $22,200.92.

The Securities and Exchange Commission filed recommendations, which in brief are as follows:

| Applicant | Amounts Requested | Amounts Recommended |
|---|---|---|
| Douglas Hicks, Trustee | $15,000.00 | $ 7,500.00 |
| Larkey, Mareiniss & Snyder, Counsel for Trustees | 20,000.00 | 11,500.00 |
| John B. Shearer, Trustee | 7,700.00 | None |
| Edward Kole, Attorney for Preferred stockholders | 1,500.00 | 750.00 |
| Charles H. Weelans, Referee | 200.00 | 200.00 |
| Unger & Unger, As Attorney for Petitioning Creditors and as Attorney for Debtor | 250.00 1,000.00 | None |

The Securities and Exchange Commission recommends that no fee be allowed to Milton M. Unger and Adrian M. Unger as attorneys for the petitioning creditors and as attorneys for the debtor, and that no fee be allowed to John B. Shearer.

Mr. Unger testified that he was first attorney for the petitioning creditors and then when the receiver was appointed, his duties as attorney for the petitioning creditors ceased and he became attorney for the debtor. He also respresented the mortgagee in possession of the real estate leased by the debtor and he had negotiated with Mr. Larkey, attorney for the trustee, concerning the payment of the rent due from the trustee for the premises occupied by the debtor company during these proceedings.

Mr. Shearer testified that while he was president and a director of the debtor company, he was not the person in control and therefore was not responsible if any improper payments had been made to other persons. His testimony under Section 21A examination showed that Keyport Holding Corporation was the owner of the building occupied by the debtor and the debtor had made large payments for the Keyport Holding Corporation which company had no money, He further stated that at no time during its existence did the debtor have sufficient working capital.

### Conclusions and Recommendations

Mr. Hicks' two petitions show that he spent approximately 800 hours on the work in this case and Mr. Larkey's two petitions show that he spent approximately 1200 hours. Mr. Hicks has received $5,000.00 as an interim allowance and Mr. Larkey has received $7,500.00. The large files and the reports certainly show a great amount of work done.

Edward A. Kole was the attorney for the preferred stockholders and his petition and the record show that he did considerable work in endeavoring to formulate a plan of reorganization although some of his work is a duplication of the work done by the trustee and the attorney for the trustee.

Mr. Unger argued that while he represented the debtor, the petitioning creditors and the mortgagee in possession, these interests were never adverse to each other and he did not represent the petitioning

creditors while he was representing the debtor.

However, it is true that Mr. Unger started to foreclose the mortgage on the property occupied by the debtor either before or shortly after the petition for reorganization was filed herein and the debtor was made a party to that suit. The rights of the debtor under its lease would undoubtedly have been cut off by a decree in that foreclosure suit. It would appear that the interests of the petitioning creditors would be adverse to the debtor. Certainly in negotiating for the collection of the rent, the interest of the mortgagee in possession was adverse to the debtor. Of course, no fraud or improper conduct has been either alleged or proved as far as Mr. Unger is concerned.

Under these facts, it is my conclusion that Mr. Unger represented adverse interests and therefore should be denied a fee out of this debtor estate. Woods v. City National Bank & Trust Co., 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820; In re Ritz Carlton Restaurant & Hotel Co., D.C., 60 F. Supp. 861, 865.

Mr. Unger argues that the facts in the above cases differ from those in the case at bar. However, it seems to me that the general principles therein stated would apply to the present case.

Mr. Shearer had been with the debtor company since its organization and was president and a director. As such he was responsible for the acts of the debtor. Certain payments were made to or for the benefit of Keyport Holding Corporation which appear improper as far as the records herein are concerned.

Mr. Shearer testified on the 21a examination held on November 19, 1947 and says that the debtor paid out various sums for the rehabilitation of the Keyport Holding Corporation. (page 357); from the time of starting operations the debtor was short of working capital (page 360): that $58,000.00 was paid for improvement on the property owned by Keyport Holding Corporation (page 361) and this was done even though the debtor did not have the money to pay its withholding taxes (page 368): through this period Keyport Holding Corporation had no funds (page 368).

The trustee says he did not proceed against Mr. Shearer because he did not think a judgment could be collected. Mr. Unger argues that the trustee should have obtained a judgment against Mr. Shearer, if he could do so, and then levy on his fee herein. However, in my opinion, the same result can be accomplished by refusing to give Mr. Shearer a fee in this proceeding.

There has been some argument with reference to certain indictments in New York state, based on acts in the financing of the debtor company. No indictment was brought against Mr. Shearer. However, this would make no difference as to a civil liability. There may be no criminal liability but there certainly is a civil liability based on the evidence submitted herein.

For these reasons, I recommend that the following fees and sums for expenses be allowed:

| | Fees | Expenses |
|---|---|---|
| John B. Shearer, Receiver | No allowance | |
| Larkey, Mareiniss & Snyder, Attorneys for Receiver | $ 300.00 | |
| Douglas M. Hicks, Trustee (In addition to the interim allowance of $5,000.00 paid) | 5,000.00 | $ 51.80 |
| Larkey, Mareiniss & Snyder, Attorneys for trustee (In addition to interim allowance of $7,500.00 paid) | 8,500.00 | |
| Milton M. Unger and Adrian M. Unger, Attorneys for Petitioning creditors | No allowance | 146.00 |

| | | |
|---|---|---|
| Milton M. Unger and Adrian M. Unger, Attorneys for Debtor | No allowance | 17.56 |
| C. H. Weelans, Referee | 200.00 | (To be paid to U.S. Clerk for Referees' Salary Fund) |
| C. H. Weelans, Referee (For hearings December 19 and December 22, 1950) | 200.00 | (To be paid to U.S. Clerk for Referees' Salary Fund) |
| C. H. Weelans, Referee (For hearings December 19 and December 22, 1950) | 200.00 | (To be paid to U.S. Clerk for Referees' Expense Fund) |

This will leave a balance for the various government tax claims.

I hand up herewith for the information of the Court, the following papers:

1—Transcript of hearing held December 19, 1950.

2—Transcript of hearing held December 22, 1950.

3—Affidavit of Securities and Exchange Commission re application for allowance by Unger & Unger.

4—Memorandum of law on behalf of Milton M. Unger and Adrian M. Unger and John B. Shearer, former trustee.

5—Recommendations of the Securities and Exchange Commission re application for final allowances.

All of which is respectfully submitted this 28th day of December, 1950.

C. H. Weelans,
Referee in Bankruptcy.

Amended Report of Referee on Allowance of Fees and Expenses

To the Honorable Judges of the United States District Court for the District of New Jersey:

The Report of the Referee on allowance of fees and expenses was filed herein on the 28th day of December, 1950. Through inadvertence, the recommendation for Edward A. Kole, Attorney for preferred stockholders and for John B. Shearer, Trustee was omitted.

I recommend that the following fees and sums for expenses be allowed:

| | Fees | Expenses |
|---|---|---|
| John B. Shearer, Receiver | No allowance | |
| John B. Shearer, Trustee | No allowance | |
| Larkey, Mareiniss & Snyder, Attorneys for Receiver | $ 300.00 | |
| Douglas M. Hicks, Trustee (In addition to the interim allowance of $5,000.00 paid) | 5,000.00 | $ 51.80 |
| Larkey, Mareiniss & Snyder, Attorneys for trustee (In addition to interim allowance of $7,500.00 paid) | 8,500.00 | |
| Milton M. Unger and Adrian M. Unger, Attorneys for petitioning creditors | No allowance | 146.00 |
| Milton M. Unger and Adrian M. Unger, Attorneys for Debtor | No allowance | 17.56 |
| Edward A. Kole, Attorney for preferred stockholders | 750.00 | |

C. H. Weelans, Referee      200.00 (To be paid to U.S. Clerk for Referees' Salary Fund)

C. H. Weelans, Referee (For hearings December 19, and December 22, 1950)      200.00 (To be paid to U.S. Clerk for Referees' Salary Fund)

C. H. Weelans, Referee (For hearings December 19, and December 22, 1950)      200.00 (To be paid to U.S. Clerk for Referees' Expense Fund)

All of which is respectfully submitted this 29th day of December, 1950.

C. H. Weelans,
Referee in Bankruptcy.