### In the Matter of Lena MARRACCINI, Bankrupt.

### No. 20748.

United States District Court
N. D. California, N. D.
Sept. 28, 1960.

HALBERT, District Judge.

James Curry, Trustee in Bankruptcy of the estate of Lena Marraccini, bankrupt,[1] has filed a petition for review of an order of the Referee in Bankruptcy (Bankruptcy Act, § 2, sub. a(10), Title 11 U.S.C.A. § 11, sub. a(10)), authorizing the Trustee to employ *no more than one* firm of attorneys for the administration of the estate in question. The Trustee sought to employ, as his counsel in this proceeding, both the law firm of Shapro, Anixter & Aronson, of Burlingame, California, and the law firm of Blewett, Blewett & Garretson, of Stockton, California.

The Referee has announced his personal rule of policy in these matters,[2] as follows:

> "There is a growing practice of trustees asking to appoint too many attorneys to represent them and in most cases one attorney does all the work and has to split his fee with others. It is a bad practice. When our notices go out to creditors with so many attorneys named as requesting fees, it tends to corroborate the prevailing opinion and statements of creditors and the public that bankruptcy cases are run for the benefit and profit of attorneys * * *.

> "Hereafter, unless we are shown special reasons justifying the employment of an additional attorney or attorneys or firms of attorneys by trustees or receivers we will approve of only one attorney or firm."

This rule is sound, and has the unqualified approval of this Court.

The Trustee offered no special reasons for the employment of multiple counsel in the instant case. He justified his request by saying that he wanted the

---

Shapro, Anixter & Aronson, Burlingame, Cal., Blewett, Blewett & Garretson, Stockton, Cal., for petitioning trustee.

1. This is a small, uncomplicated estate with all of the assets in the area of Stockton, California, in which city the Trustee lives and has his place of business.

2. In re Baumbach, Bankruptcy No. 18983, records of this Court. This announce-

ment of policy was called forth by the request of Mr. Curry (custodian-receiver in that case) to employ two individual attorneys and the firm of Shapro, Anixter & Aronson for a three-week-long receivership.

best legal advice he could obtain,[3] and argued that it would not cost the creditors any additional money to have two counsel.

The Trustee asserts that no matter how many attorneys he employs, only one reasonable fee may be paid, under his interpretation of Bankruptcy Act, § 64, Title 11 U.S.C.A. § 104. He asserts that a Trustee is entitled to the counsel of his choice (In re Christ's Church of the Golden Rule, 9 Cir., 165 F.2d 1007), and that if the Referee is permitted to limit the number of counsel employed, he may subtly discriminate against counsel who are not in his favor.[4]

■ The Referee found that the employment of counsel was justified in this proceeding; that there was no special reason to justify the employment of multiple counsel; that both the proposed firms were competent in bankruptcy matters; and that it was apparent from the Trustee's testimony that the real reason why he wished to employ two firms was that each firm voted a number of claims in his favor in his election as Trustee. The Referee authorized the Trustee to employ either firm, but not both. All the Referee's findings of fact are approved, as being directly supported by the record or reasonable and logical inferences to be drawn from it.

■ The Trustee is mistaken as to the law relating to the allowance of fees to more than one counsel for the Trustee. Where special circumstances are actually shown to establish the need for the employment of more than one counsel, there is no limitation to one reasonable fee for all attorneys for Trustee

(See: In re Lennox Company, 2 Cir., 263 F.2d 891). The proper rule is stated in 3 Collier on Bankruptcy, Par. 62.12 at pp. 1499–1500:

"Plurality of attorneys was taken into account by the statute [Section 64] as far as it deals with attorneys for petitioning creditors. Only *one* reasonable attorney's fee is provided for, irrespective of the number of attorneys employed. There is no such statutory protection against duplication or multiplication of legal services rendered to the trustee or receiver * * * however, the courts have reached results in harmony with the statutory principle. They have not only denounced duplication of services generally, applying as a sanction the denial of compensation, but they have decided to allow in much the same way *one* attorney's fee only, wherever several attorneys rendered the estate services that could have been rendered by a single attorney."

In the Christ's Church case, supra, it was held that the Trustee was entitled to choose his own qualified multiple counsel, *where the facts of the case established that several attorneys were needed.* The Trustee in the instant cases has made no such showing, as was made in the Christ's Church and Lennox cases, supra.

■ The proper rule is that if more than one attorney or firm of attorneys is clearly shown to be necessary for the proper administration of the estate, the Referee may, and should, authorize their employment by the Trustee, and they may, and should, be adequately

3. The Court is well aware of the old adage that "Two heads are better than one," but doubts that this refers to two law firms, one of which is many miles away from the seat of operations in this proceeding.

4. The Court is not at all impressed with this latter argument for three good reasons. First, the Court has implicit confidence in Referee Hughes in all things including his honesty, his integrity, his

fairness and his ability [If the Court did not so feel, Referee Hughes would not long remain on the job]. Second, if the Trustee lacks the ability to select adequate counsel to handle his matters, then the Court must in all candor state that it is disappointed in him. Third, if the Trustee does employ inadequate counsel, let counsel pay for his lack of ability by seeking assistance at his own expense.

compensated for their services. On the other hand, if multiple counsel are not shown to be necessary, then only one attorney or firm of attorneys should be employed. If this rule is violated, then, of course, only *one* reasonable fee should be allowed. This sanction, after the fact, is, in itself, not enough to promote the expeditious handling of estates.[5] If more than one attorney or firm of attorneys is employed to do the work of only one attorney, the work will either be done in duplicate, or in patchwork which makes for inefficiency, or (as is more common) one attorney will do all the work, and another will get part of the fee. In this latter instance, either one attorney receives money that should be going to the creditors, or the other attorney is underpaid for the work he does. Work that is half paid for is usually only half done. In all events, the situation looks bad, and, in most instances, is bad.[6]

■ Trustee's suggestion that a limitation of the number of counsel might be used by a Referee so as to discriminate against counsel whom he dislikes, is at best a very feeble argument, and unworthy of an officer of this Court. The proper course for a Referee is to apply the rule stated above in *all* cases. The eminently proper procedure employed by the Referee in this case was to leave the choice of counsel with the *Trustee,* but limit him to but one firm. Of the two firms involved in the instant case, one will lose by the Referee's order, and one will presumably gain. The Referee made no effort to control the outcome. He made no initial selection, and he left the ultimate choice in the hands of the Trustee. When impartially viewed, it is inconceivable that the practice of the Referee, which the Trustee has seen fit to assail here, could possibly be used to discriminate against counsel. It is far more conceivable that the Trustee might use the contrary rule to discriminate against or impose on the creditors, and this the Court will not tolerate.

■ The facts here very strongly suggest the possibility that the firms of attorneys in the instant proceeding may have supported the election of Mr. Curry as Trustee, in exchange for his promise to employ them both as counsel, or that a tacit understanding to that effect may have existed. Whether such a bargain was made cannot be determined from the record now before the Court, but the possibility of its existence is patently suggested and that is bad. The controlling rule is laid down in 3 Collier on Bankruptcy, Par. 62.12, at p. 1471, as follows:

> "Such bargains, making offices in bankruptcy an object of traffic, have been held to be improper and sufficient to warrant complete disallowance of counsel fees."

■ Not only are the fees of counsel jeopardized in the case of such an improper bargain, but proof of such a bargain would justify withholding compensation from the Trustee himself, or even removing him from office (See: Woods v. City Nat. Bank & Trust Co., 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820; Lines v. Falstaff Brewing Co., 9 Cir., 233 F.2d 927; In re Stillwell, 6 Cir., 12 F.2d 205; and In re American Acoustics, D. C., 97 F.Supp. 586).

---

5. It should also be noted that experience has shown that when more than one attorney or firm have done work which could have been handled by a single attorney, they invariably press for, and often obtain, a greater aggregate fee than would be awarded to a single attorney.

6. Another good and practical reason for the Referee's rule, here under attack, is the fact that centralizing the legal duties in one individual or firm is highly desirable. The Referee frequently has to deal with counsel for the Trustee, and he should not be called upon to determine from time to time who speaks for the Trustee. Furthermore, divided authority most usually results in divided attention, and in the end what is everybody's business is nobody's business. As a result, the creditors, the Referee, and, in fact, even the Trustee suffer under such circumstances.

The Trustee having seen fit to make an issue of this matter, and thereby get it before the Court, the Court feels constrained to require that it be cleared up as quickly and completely as possible in the light of what has been said above. If the Referee is satisfied that there was no illicit bargain, no action will be necessary. On the other hand, if the question is doubtful, the Referee is directed to forthwith institute an inquiry into the matter, and to take such action as he may deem to be appropriate.

It is, therefore, ordered that the order of the Referee, review of which has been sought, be, and the same is, hereby approved and confirmed.